**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DION HORTON, et al. | : | |
| | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 22-cv-1391 |
| v. | : | |
| | : | |
| JILL RANGOS, et al. | : | |
| | : | |
| *Defendants* | : | |

**Brief in Support of Defendants the Honorable Jill Rangos, Administrative Judge, Frank Scherer, Director of Adult Probation and Parole, the Honorable Kelly Bigley, Charlene Christmas (in their official capacity only), Robert O'Brien (in their official capacity only), Stephen Esswein (in their official capacity only), and Renawn Harris (in their official capacity only) Motion for Reconsideration of the Court's April 14, 2023, <u>Order (Doc. 104) Under Fed.R.Civ.P. 59(e)</u>**

## I.      Introduction

Defendants the Honorable Jill Rangos, Administrative Judge, Frank Scherer, Director of Adult Probation and Parole, the Honorable Kelly Bigley, Charlene Christmas (in their official capacity only), Robert O'Brien (in their official capacity only), Stephen Esswein (in their official capacity only), and Renawn Harris (in their official capacity only) ("Judicial Defendants") move for reconsideration of the April 14, 2023, Order denying their Motion to Dismiss. (Doc. 104).

The relief Plaintiffs seek and the capacities in which Defendants are sued are pertinent to the Motion to Dismiss and this Reconsideration:

**Judge Rangos and Director Scherer**

- Sued in their official capacities only.

- For both declaratory relief and monetary relief.

**Judge Bigley**

- Sued in both individual and official capacities.

- For declaratory relief only.

**Hearing Officers**

- Sued in both individual and official capacities.

- For declaratory relief only.

(Complaint ¶ 182.)

Pertinent to this Motion, Judicial Defendants raised Eleventh Amendment and judicial immunities in their Motion to Dismiss. They (and co-Defendants) also raised the issue of whether a bail-like determination must be made at a *Gagnon* I hearing, which is a fundamental issue in this case.

## II.   Argument

To prevail on a motion for reconsideration a moving party must establish: 1) an intervening change in controlling law; 2) new evidence that was not available when the court issued its order; or 3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 667 (3d Cir. 1999). A motion for reconsideration is proper if it "addresses only factual and legal matters that the Court may have overlooked." *United States v. Fitzgerald*, 2021 WL 719660, at *2 (W.D. Pa. 2021).

Here, reconsideration is warranted due to legal arguments and issues that the Court did not decide – including immunity defenses that must be decided at the "earliest possible stage."

2

### A.    Immunity defenses must be ruled on at the earliest possible stage in litigation.

Judicial Defendants raised two absolute immunities in their Motion to Dismiss: Eleventh Amendment immunity and judicial immunity. The Supreme Court mandates that immunity questions must be resolved "at the earliest possible stage" of litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Thus, this Court should reconsider its decision to defer ruling on the immunity defenses.

The Supreme Court holds that the "fear of consequences" that absolute immunity is designed to alleviate is "not limited to liability for money damages" – it also includes "the general costs of subjecting officials to the risks of trial" and the "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)).

Thus, absolute immunities are immunity from suit. Not just liability. The Court must resolve these immunities at the "earliest possible stage" because judicial economy dictates expeditious resolution to avoid unnecessary expense and needless discovery costs upon government officials and entities. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Mitchell*, 472 U.S. at 526 (the "entitlement is an immunity from suit rather than a mere defense to liability," and "it is effectively lost if a case is erroneously permitted to go to trial"); *see also Siegert v. Gilley*, 500 U.S. 226, 232 (1991)("one of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending an extended lawsuit").

Indeed, this is why immunity issues are appealable as collateral orders. *See HIRA Educ. Servs. North American. v. Augustine*, 991 F.3d 180, 187 (3d Cir. 2021). This immediate appealability underscores that immunity decisions must be made upfront – even if they do not discharge all claims against a defendant.

In the instant matter, the value of these straight-forward and meritorious threshold immunity defenses is lost if this case is allowed to proceed to discovery on issues that immunity precludes. Deferring a decision on immunity questions "vitiates immunity" because government officials who are otherwise entitled to immunity are subject to "the burdens of such *pretrial* matters as discovery." *Id.* at 188.

As set forth in Judicial Defendants' Motion to Dismiss briefing, Eleventh Amendment immunity bars all non-prospective claims – including monetary damages – against state officials sued in their official capacities.[1] The first reason that this immunity must be addressed now is because Plaintiffs bring monetary claims against Judge Rangos and Director Scherer in their official capacities. Notwithstanding binding case law that such damages are not available here, the

---

[1] (Doc. 65 at 11-12; Doc. 75 at 2-3). *See Gerholt v. Wetzel*, 858 F. App'x 32, 33 (3d Cir. 2021)( holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment); *A.W. v. Jersey City Pub. Sch.*, 341 F.3d 234, 238 (3d Cir. 2003)(holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment).

parties will have to engage in additional discovery pertaining to monetary claims –

and address them at trial, if necessary – that otherwise would not be required.[2]

In other words, imposing unnecessary expense and needless discovery costs

upon government officials and entities for relief that as a matter of binding law

cannot be obtained. This levies a financial burden on the Unified Judicial System of

Pennsylvania and requires its officials to expend time on issues that immunity

precludes.

This Court's conclusion that the immunity issues do not need to be decided

now because they do not apply to all claims against Defendants is counter to

immunity's purpose. Here, the immunity defenses winnow the issues for discovery

and trial and the nature of claims against Defendants. Thus, ruling on these

immunities – even if they do not dismiss all claims – is vital: waiting until after

Defendants conduct discovery to hold that they are immune to some or all claims is

too late.

Second, the *Ex Parte Young* exception to Eleventh Amendment immunity,

which allows prospective relief against a state official in their official capacity,

cannot be used to seek declaratory relief against a state official in their individual

capacity, as Judicial Defendants argued in their briefing. (Doc. 65 at 12-13.)[3]

---

[2] For example, Defendants would have to conduct discovery (including depositions) about damages for every Plaintiff – including those in the proposed class. This imposes an immense financial and resource drain on Defendants.

[3] *See Angle v. Smith,* 2022 WL 2392822, at *1 n.1 (W.D. Pa. 2022), *report and recommendation adopted,* 2022 WL 2392438 (W.D. Pa. 2022). This is especially so where the "individual capacity" claims sound as official capacity claims. *Doe v.* (continued)

Hence, the individual capacity claims against Judges Bigley (and Judge Mariani and the Hearing Officers) are subject to immunity and should be ruled on at this stage. Deciding this issue now is vital due to the difference between individual versus official capacity claims. In deferring the immunity question, these state officials are exposed to individual liability for performing their judicial functions.[4]

And while the individual capacity claims do not seek monetary damages, these Defendants are subject to the cloud of litigation and could potentially be liable in their individual capacities for attorney fees under Section 1983. What is more, even if the individual capacity Defendants left their positions, they would still be defendants in this case. Even though the relief sought is future-looking and pertains only to their governmental positions.

For the same reasons, Judge Bigley's judicial immunity defenses should be decided at this stage. The claims against her arise solely from her sentencing orders and her judicial actions in supervising defendants on probation, which includes making judicial determinations regarding detainers. The Complaint is clear that Judge Bigley's actions in this case involve defendants that she "supervises," and Plaintiffs acknowledge that she was acting in her judicial capacity.

---

*College of New Jersey*, 2023 WL 2812362, at *4 (D.N.J. 2023); *Szerensci v. Shimshock*, 2021 WL 4480172, at *4-5 (W.D. Pa. 2021); *Moyer v. Aramark*, 2019 WL 1098951, at *5 (E.D. Pa. 2019)(citing *Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261, 270 (1997)).

[4] Indeed, Plaintiffs acknowledge that Judge Bigley was acting in her judicial capacity. (Doc. 67 at 20; Complaint ¶¶ 54, 84, 97, 98, 102.)

In short, the Court's decision to not rule on the immunity defenses raised in the Motion to Dismiss must be reconsidered: it conflicts with immunity's purposes and the Supreme Court and Third Circuit's mandate that a court must decide immunity questions at the "earliest possible stage." Deferring this decision requires unnecessary discovery and expenses, increases the burdens of litigation that Defendants must face, and exposes the Defendants sued in their individual capacities to the cloud of litigation – including individual liability.

**B.    The threshold issue of whether *Gagnon* requires a bail-like hearing should be decided at this stage.**

A threshold issue in this case is what due process requires for the initial detention hearing under *Gagnon*. As Defendants laid out in their briefing: a *Gagnon* I hearing requires a determination only about whether a probationer violated their probation. (Doc. 65 at 6-7; Doc. 75 at 5-8.) It does not mandate an additional bail-like hearing to decide whether a detainer should be lifted.

This question of law is vital in this case. Should the Court agree with Defendants, then Plaintiffs' claims about whether the hearing officers are making independent decision about detention, what substantive standard should be used, whether Judges Bigley and Mariani may be liable for detention issues, and related claims are of no moment.

The Court did not take on this question in its Motion to Dismiss decision. Given the issue's vital role in this case, Judicial Defendants respectfully request the Court to reconsider its decision to forego this core issue.

7

## IV.    Conclusion

Judicial Defendants respectfully request that this Honorable Court

reconsider its decision denying their Motion to Dismiss the Complaint.


Respectfully submitted,


**s/ Michael Daley**
MICHAEL DALEY, ESQUIRE
Attorney I.D. PA 77212
NICOLE FEIGENBAUM, ESQUIRE
Attorney I.D. PA 319765
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

***Counsel for Moving Defendants***

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DION HORTON, et al.                          :
                                             :          CIVIL ACTION
                    *Plaintiffs*             :
                                             :          NO. 22-cv-1391
          v.                                 :
                                             :
JILL RANGOS, et al.                          :
                                             :
                    *Defendants*             :

### Certificate of Service

The undersigned certifies that on *May 12, 2023*, he caused the foregoing *Brief* to be served on counsel of record via ECF.

**s/Michael Daley**
MICHAEL DALEY, ESQUIRE
Attorney I.D. PA77212
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486