**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

|  |  |
|---|---|
| DION HORTON, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ADMINISTRATIVE JUDGE JILL RANGOS, et al.,<br><br>        Defendants | Civil Case No. 2:22-CV-1391-NR |

**MEMORANDUM IN SUPPORT OF DEFENDANT JUDGE ANTHONY MARIANI'S MOTION FOR RECONSIDERATION OF AND/OR RELIEF FROM ORDER DENYING MOTIONS TO DISMISS**

**INTRODUCTION**

In this action, Plaintiffs primarily raise a claim that Defendants have violated an asserted new constitutional right to individualized determinations of eligibility for bail pending probation-revocation proceedings.  Defendants filed motions to dismiss in part arguing that said claim is legally deficient because there is no such right.  This Honorable Court entered an order denying the motions, but did not specifically address that defense.

This Honorable Court may reconsider and modify an order to correct oversights, to avoid manifest injustice, or for any other reason that justifies it.  *See* F.R.C.P. 59(e); F.R.C.P. 60.  Because the order did not specifically address the defense, and, in any event, because clearly adjudicating it would either significantly narrow the scope of litigation, or provide Defendants an appropriate foundation to consider interlocutory appellate remedies, or at a minimum

provide the parties clarity as to the scope of litigation going forward, Judge Mariani respectfully requests that this Honorable Court reconsider its decision and issue an order clearly adjudicating the defense, or, in the alternative, grant a hearing on this motion, or, in the alternative, grant such other relief as it deems just and proper.

## BACKGROUND

In their Complaint, Plaintiffs allege that Defendants have established policies and procedures that violate their constitutional rights during probation-revocation preliminary hearings, colloquially referred to as *Gagnon*-I hearings because they derive from *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). Although Plaintiffs do allege that Defendants Charlene Christmas, Robert O'Brien, Stephen Esswein, and Renawn Harris, hearing officers who preside over *Gagnon*-I hearings, violated several rights actually identified in *Gagnon* – *e.g.*, rights to notice of the hearing, the opportunity to testify, and so on – they primarily assert that Defendants have adopted, sanctioned, or executed policies that violate an asserted new constitutional right to individualized determinations of eligibility for bail pending probation-revocation final hearings, colloquially referred to as *Gagnon*-II hearings. *See generally* Doc. 1. More specifically, Plaintiffs contend that Defendants Administrative Judge Jill Rangos and Allegheny County Adult Probation Detainer Frank Scherer have adopted a "Detainer Policy" that directs the hearing officers to categorically detain certain classes of probationers pending their *Gagnon*-II hearings. Plaintiffs also contend that Judge Rangos and Director Scherer have sanctioned, and Judge Mariani and Defendant Judge Kelly

Bigley have adopted, "no-lift" policies that direct hearing officers to detain all probationers pending their *Gagnon*-II hearings.[1] Plaintiffs assert these policies and resulting detention violate an asserted new constitutional right to individualized determinations of eligibility for bail pending *Gagnon*-II hearings. Plaintiffs seek declaratory relief that the policies are unconstitutional, injunctive relief mandating the policies' recission, damages arising from allegedly illegal resulting detention, and fees and costs.

Defendants moved to dismiss these claims on the ground that there is no such right. Specifically, Defendants explained that prior to *Gagnon*, probationers as probationers had *no* due process rights to speak of, that *Gagnon* adopted procedural rights that did not include a right to an individualized determination of eligibility for bail pending *Gagnon*-II hearings, and that it specifically declined to adopt such a right when faced with a dissenting opinion advocating for it. *See, e.g.*, Doc. 50 at 15-19.

On April 14, 2023, this Honorable Court entered an order denying the motions to dismiss. *See* Doc. 104. The order did not explicitly address this defense. *See id.*

---

[1] Let us put aside for the moment that (1) Plaintiffs have grossly mischaracterized the "Detainer Policy," which applies to initial detention decisions prior to *Gagnon*-I hearings and which effectively applies a standard for release pending *Gagnon*-I hearings that is more liberal than the standard even they propose; (2) Plaintiffs overlook that Judge Rangos and Director Scherer lack authority to direct judges to adopt rules of decision regarding detention pending *Gagnon*-II hearings; and (3) Plaintiffs' allegations that Judges Mariani and Bigley have "no-lift" policies were flatly contradicted by their own evidence at the recent hearing on their motion for preliminary injunctive relief.

Today, Judge Rangos, *et al.*, filed a motion to reconsider the order, identifying two issues particularly warranting this Honorable Court's attention. Judge Mariani joins that motion, which cogently explains why Eleventh-Amendment, and judicial/quasi-judicial immunity, are required to be addressed at the earliest possible opportunity and should be addressed before this litigation progresses, and incorporates it here by reference.[2]   However, Judge Mariani presents his own motion and this memorandum in support thereof to further elaborate on the importance of adjudicating whether Plaintiffs' asserted new constitutional right to an individualized determination of eligibility for bail pending *Gagnon*-II hearings exists.

## LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not cognize a motion for reconsideration as such, they are generally entertained as motions to alter or amend a judgment pursuant to F.R.C.P. 59(e) and/or motions for relief from judgment or order under F.R.C.P. 60.  Those rules allow this Honorable Court to, in substance, reconsider and modify an order to correct oversights, prevent manifest injustice, or for any other reason that justifies the requested relief.  *See* F.R.C.P. 59(E); F.R.C.P. 60; *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109 (E.D. Pa. 1993).  It is beyond peradventure that where an order

---

[2] Additionally, Judge Mariani notes that this Honorable Court's order did not address his defense that Defendants who are judges are immune from an award of fees and costs, which Plaintiffs have conceded as to himself and Judge Bigley.  *See* Doc. 50 at 19; Doc. 66 at 20; *but see generally* Doc. 104.  The order's omission in this regard is significant in that its clear adjudication of this defense would reduce Plaintiffs' potential relief with respect to Judges Rangos, Mariani, and Bigley, or at least Judges Mariani and Bigley, solely to declaratory and injunctive relief.

does not specifically address a defense, a motion under Rules 59(e) and/or 60 is proper.  *See id.; see also Gutierrez v. Ashcroft*, 289 F.Supp. 2d 555 (D.N.J. 2003) (noting appropriateness of reconsideration and modification where controlling issues of law are brought to the court's attention, but not addressed); *Eisert v. Town of Hempstead*, 918 F.Supp. 601 (E.D.N.Y. 1996) (same); *see also Sanluis Developments, L.L.C. v. CCP Sanluis, L.L.C.*, 556 F.Supp.2d 329 (S.D.N.Y. 2008) (same).

Moreover, clear adjudication of the defense now will have significant and salutary impact going forward.  If it is adjudicated in Defendants' favor, although Plaintiffs would be able to proceed on their claims vis-à-vis what *Gagnon* actually requires, it would result in the dismissal of Plaintiffs' primary claim and dismiss Defendants Judge Rangos, Director Scherer, Judge Mariani, and Judge Bigley as defendants entirely.  As detailed above, although Plaintiffs do assert that Defendants Christmas, O'Brien, Esswein, and Harris violate several rights actually identified in *Gagnon* – *e.g.,* rights to notice, the opportunity to testify, and so on – they principally assert that Defendants have adopted, sanctioned, or executed policies that violate an asserted new constitutional right to individualized determinations of eligibility for bail pending *Gagnon*-II hearings. This Honorable Court's determination that Plaintiffs have no such right would effectively dismiss all of these latter claims against all Defendants, and dismiss Judge Rangos, Director Scherer, Judge Mariani, and Judge Bigley as parties. Indeed, given Plaintiffs' largely cursory treatment of the procedural rights *Gagnon* actually requires and dogged focus on establishing and vindicating this

new constitutional right, one surmises a determination that they have no such right might end the litigation entirely.  Thus, clear adjudication of the defense in Defendants' favor would avoid the manifest injustice of forcing all parties to proceed to discovery with respect to and litigation of claims that should not be litigated and forcing those defendants to litigate a case they should not be litigating, all at taxpayer expense.

Furthermore, clear adjudication of the defense in Plaintiffs' favor would provide Defendants an appropriate foundation upon which to consider their interlocutory appellate remedies.  Based on this Honorable Court's reasoning, Defendants may or may not pursue an interlocutory appeal by permission. *Accord* 28 U.S.C. § 1292(b).[3]  Absent clear adjudication, Defendants are not in a position to even indicate *that* the defense has been rejected, much less seek this Honorable Court's certification of the issue for purposes of an interlocutory appeal by permission.

Finally, clear adjudication of the defense either way would provide the parties with certainty as to the scope of discovery and litigation going forward. Simply put, discovery on whether the hearing officers comply with what *Gagnon* actually requires is one thing; discovery regarding the alleged Detainer Policy, the alleged "no-lift" policies, their alleged application by the hearing officers, the Plaintiffs' resulting detention and resulting harms, and the Plaintiffs' efforts to

---

[3] Indeed, Judge Mariani notes that Judge Rangos, *et al.*, have sought reconsideration of their claims of Eleventh-Amendment and judicial and quasi-judicial immunity, the disposition of which are immediately appealable as collateral orders.  In the event this Honorable Court were to decide the immunity issues and an appeal were taken, this Honorable Court's certification of the issue of whether there is a constitutional right to an individualized determination of eligibility or bail pending a *Gagnon*-II hearing would well-serve judicial economy for all parties.

mitigate damages, if any, is another.  The former involves inquiry into a series of relatively brief administrative proceedings involving approximately 4 people and observers;  the latter would add an ostensibly copious volume of intragovernmental and likely privileged communications, data, and publications, as well as untold sources of evidence regarding Plaintiffs' underlying cases, their violations, their communications with their numerous defense counsel, and their alleged injuries, including but not limited to innumerable depositions, medical records, employment records, and so on.  Whereas the former could conceivably be accomplished in a matter of months, the latter could take years.  In short, if the parties are to engage in such wide and lengthy discovery and litigation, it should be on claims that are necessarily going to be litigated.

## CONCLUSION

At bottom, this Honorable Court's adjudication of whether there is a right to an individualized assessment of eligibility for bail pending a *Gagnon*-II hearing is a threshold legal issue that would serve to either dismiss the bulk of this case, allow Defendants to seek appellate review, or, at minimum, ensure that the parties do not waste their efforts and resources (and the taxpayers' resources) developing a factual record for and litigating claims that are legally deficient. Accordingly, Judge Mariani respectfully requests that this Honorable Court grant this motion and issue an order clearly adjudicating Defendants' defense that Plaintiffs have failed to state a claim in part because they have no right to individualized determinations of eligibility for bail pending probation-revocation

hearings, or, in the alternative, a hearing on this motion, or, in the alternative, grant such other relief as it deems just and proper.

DATED: May 12, 2023

Respectfully submitted,

Corrie Woods
PA # 314580
Woods Law Offices PLLC
200 Commerce Drive, Suite 210
Moon Township, PA 15108
*Telephone*: (412) 329-7751
*Facsimile*: (412) 324-3577
*Email*: cwoods@woodslawoffices.com

Counsel for Defendant
Judge Anthony Mariani

8

## CERTIFICATE OF SERVICE

I, Corrie Woods, certify that I have filed a true and correct copy of this document with the Clerk of Court using the CM/ECF system, which will send notification of such to all counsel and parties of record.

DATED: November 23, 2022

Respectfully submitted,

Corrie Woods
PA # 314580
Woods Law Offices PLLC
200 Commerce Drive, Suite 210
Moon Township, PA 15108
*Telephone*: (412) 329-7751
*Facsimile*: (412) 324-3577
*Email*: cwoods@woodslawoffices.com

Counsel for Defendant
Judge Anthony Mariani