## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION HORTON, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br><br>JILL RANGOS, *et al.*,<br><br>                              Defendants. | Case No. 22-cv-1391 |

### [AMENDED PROPOSED] ORDER GRANTING
### PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs, on behalf of themselves and the putative mandatory detention subclasses, Doc. 1 at 26, have moved for a preliminary injunction against Defendants Jill Rangos, in her official capacity as Administrative Judge for the Allegheny County Court of Common Pleas Criminal Division; Alan Pelton, in his official capacity as Acting Director of Allegheny County Adult Probation and Parole[1]; and Orlando Harper, in his official capacity as Warden of the Allegheny County Jail (collectively, "County Defendants"). The proposed injunction is prohibitory because enjoining County Defendants from detaining anyone subject to a constitutionally deficient *Gagnon* I procedure would prevent future constitutional violations before they occur. Evidence in the record demonstrates that Plaintiffs are likely to succeed on the merits of their claims that County Defendants, by promulgating, authorizing, and enforcing mandatory detention orders for individuals arrested for probation violations, do not comply with the due process requirements of

---

[1] Plaintiffs originally brought suit and sought a preliminary injunction against Former Director of Probation Frank Scherer, who no longer heads the agency. Under Fed. R. Civ. P. 25(d), Acting Director Alan Pelton is substituted for Mr. Scherer by operation of law.

1

the Fourteenth Amendment to the U.S. Constitution. The remaining factors also favor the issuance of an injunction. As such, Plaintiffs' Motion for a Preliminary Injunction is **GRANTED**.

It is hereby **ORDERED** that County Defendants are enjoined from detaining at the Allegheny County Jail any putative mandatory detention subclass member who has been arrested for an alleged violation of probation and who has not received, at a minimum, the procedural and substantive safeguards delineated below. For purposes of the subclasses, "mandatory detention" refers to circumstances in which individuals are automatically detained because they 1) are accused of violating a zero tolerance condition of probation; 2) are supervised by Judge Mariani or Judge Bigley; or 3) are accused of a new charge "that represents a serious threat to public safety."

**A.**    **Substantive Standard.** No person may be detained pending their *Gagnon* II hearing pursuant to a mandatory detention policy or practice. Putative mandatory detention subclass members may not be detained unless a judicial officer has made a finding, accompanied by all procedural requirements in subsection B of this order, that 1) probable cause exists to believe that they violated their probation, and 2) no condition or combination of conditions of release will reasonably protect the safety of the community or ensure that the person returns to court.

**B.**    **Procedural Requirements.** In order to determine whether a person's ongoing detention is necessary in accordance with the standard above, the person must be given a meaningful, individualized hearing within a reasonable time period after arrest that includes:

1.    Representation by counsel;

2.    Notice to the individual of the purpose of the hearing;

3.    A neutral and detached decision-maker, *i.e.*, a judicial officer;

4.    The opportunity to be heard and present evidence;

5.    The opportunity to rebut evidence presented by Probation;

6.      Factual findings on the record, including a statement of reasons for the outcome, including a) the necessity of detention in relation to the State's compelling interests (*i.e.*, protecting community safety and against non-appearance); and b) the least restrictive conditions of release that will reasonably protect community safety and ensure return to court.

It is further **ORDERED** that the security requirement in Fed. R. Civ. P. 65(c) is hereby waived.

**SO ORDERED**, this _____ day of _____, 2023.

_____
UNITED STATES DISTRICT JUDGE