# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION HORTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JILL RANGOS, *et al.*, <br><br> Defendants. | Case No. 22-cv-1391 |

### PLAINTIFFS' REPLY TO WARDEN HARPER'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL PRELIMINARY INJUNCTION BRIEF

Warden Harper objects to Plaintiffs' proposed preliminary injunction because he thinks it may place him "in the position of making a quasi-judicial decision about whether to detain or release a detainee." Doc. 126 at 2. It would not. *See* Preliminary Injunction Hearing Transcript (Hrg. Tr.) at 177:15-18. Rather, Warden Harper would simply have to make sure that there is a facially valid order requiring that the individual be jailed (based on a finding of probable cause and the necessity of detention). He would be in full compliance with the injunction—and at no risk of contempt—to detain an individual so long as such an order exists.

Plaintiffs seek an injunction prohibiting the detention of probationers pending their *Gagnon* II hearing "unless a judicial officer has made a finding, accompanied by all procedural requirements in subsection B of this order, that 1) probable cause exists to believe that they violated their probation, and 2) no condition or combination of conditions of release will reasonably protect the safety of the community or ensure that the person returns to court." Doc. 121-1 at 2. And although the procedural requirements require "factual findings on the record," *id.* at 3, Warden Harper would not be tasked with double checking the qualitative validity of those findings—he

1

would simply have to make sure that those findings were made on the record before detaining an individual. As a practical matter, this is basically the same as ensuring that there is a facially valid judicial order setting money bail before detaining an individual pretrial unless and until they satisfy the bail amount.

To the extent Warden Harper seeks clarification, Doc. 126 at 2, a consent preliminary injunction from a systemic challenge to the use of secured money bail in Alamance County, North Carolina, illustrates what Plaintiffs' proposed injunction would look like in practice. *See Allison v. Allen*, No. 19-cv-1126 (M.D.N.C. filed Nov. 12, 2019). In *Allison*, the parties entered a consent preliminary injunction. Ex. 1, Consent PI. Among other things, it ordered that the "Defendant Sheriff must not enforce a secured financial condition of pretrial release that results in an individual's detention unless the individual first receives an individualized hearing that meets the requirements of Paragraph 7 above." *Id.* ¶ 8. Paragraph 7 delineated procedural requirements necessary for pretrial incarceration. *Id.* ¶ 7. To comply with this injunction, Alamance County developed a form for written findings for secured bonds. Ex. 2, App'x C to Admin. Order at 33-34. The form requires the judicial officer to make certain written findings regarding the necessity of detention that comport with the requirements of paragraph 7 of the consent preliminary injunction. *See id.* And to comply with the injunction, the sheriff is simply tasked with ensuring that the findings were made—not with testing their strength.

Plaintiffs' proposed injunction contemplates the same enforcement mechanism against Warden Harper. And functionally, this is exactly the same as what Warden Harper is tasked with doing across the board—"to keep in his custody persons who are committed to the Allegheny County Jail by proper judicial authority and to release those persons when ordered to do so by proper judicial authority." Doc. 126 at 2.

To alleviate another of Warden Harper's concerns, Plaintiffs' requested injunction would not put Warden Harper at risk of contempt if he "kept a detainee in custody if[] probable cause did not exist that the person violated their probation." *See* Doc. 126 at 2. A finding of contempt requires a showing that 1) a valid court order existed; 2) the party had knowledge of the order; and 3) the party disobeyed the order. *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010). The proposed injunction does not address the accuracy of the probable cause finding because, as Warden Harper states, it would not be reasonable to expect him to make a substantive determination (nor is that what this case is about). Again, Warden Harper would simply be enjoined from detaining an individual without a facially (and therefore constitutionally) valid detention order.

In other words, Warden Harper would not have disobeyed the preliminary injunction order by inadvertently detaining an individual for whom probable cause did not actually exist, so long as there was a facially valid detention order. And so he could not be held in contempt. Nor would Warden Harper be opening himself to any other form of liability, because a warden's "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages." *Hamilton v. Leavy,* 322 F.3d 776, 782–83 (3d Cir. 2003).

At bottom, Warden Harper is liable for effectuating the unconstitutional mandatory detention orders that the remaining Defendants are responsible for. In other words, he is an enforcement actor. So he can be enjoined. *See McNeil v. Cmty. Prob. Serv., LLC*, 945 F.3d 991, 996 (6th Cir. 2019) (explaining why sheriff could be enjoined from enforcing bail amounts by detaining probationers until payment, even though judges were responsible for issuing the detention orders). And nothing about the injunction Plaintiffs seek would require Warden Harper to make a qualitative assessment about whether a person may be detained. That said, Plaintiffs are

amenable to modifications to the proposed preliminary injunction order that make explicit what they clarify here.

Dated: June 9, 2023.

/s/ Sumayya Saleh
Sumayya Saleh (D.C. 1743427)
sumayya@civilrightscorps.org
Katherine Hubbard (D.C. 1500503) †
katherine@civilrightscorps.org
Leo Laurenceau (D.C. 90007729) †
leo@civilrightscorps.org
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
Phone: (202) 894-6132

/s/ Dolly Prabhu
Dolly Prabhu (PA 328999)
dprabhu@alcenter.org
Jaclyn Kurin (D.C. 1600719) †
jkurin@alcenter.org
Bret Grote (PA 317273)
bretgrote@abolitionistlawcenter.org
ABOLITIONIST LAW CENTER
PO Box 8654
Pittsburgh, PA 15221
412-654-9070

† admitted *pro hac vice*