# EXHIBIT 2

STATE OF NORTH CAROLINA FILED IN THE GENERAL COURT OF JUSTICE
JUDICIAL DISTRICT 15A SUPERIOR AND DISTRICT COURT
ALAMANCE COUNTY 2020 JUN 18 PM 12: 50 DIVISIONS

ALAMANCE COUNTY, C.S.C.

IN RE PRETRIAL RELEASE POLICY ADMINISTRATIVE ORDER
DISTRICT 15A

---

Pursuant to the mandate of G.S. 15A-535(a), and pursuant to the specified, implied, and inherent powers of our respective offices, the undersigned, acting both separately and jointly, do hereby approve and enter this administrative order for the governance of pretrial release before the courts of Judicial District 15A. IT IS THEREFORE ORDERED THAT:

1. The "Pretrial Release and Bond Policy for District 15A" (the "Bond Policy"), attached hereto and incorporated herein by reference, is adopted pursuant to G.S. 15A-535.

2. The attached Bond Policy supersedes all prior local administrative orders and directives for the subject matters therein, including, but not limited to the "Official Policies on Pretrial Release for Judicial District 15-A, Revised July 1, 1995," as entered by Senior Resident Superior Court Judge J. B. Allen, Jr.

3. The attached Bond Policy shall be effective for all determinations of defendants' eligibility for and conditions of pretrial release made by judicial officials of District 15A on or after July 1, 2020.

4. Upon filing of this order with the office of the Clerk of Superior Court, the Clerk shall cause to be delivered without charge copies of this order and the attached Policy to: all resident judges and magistrates of District 15A; the office of the District Attorney for Prosecutorial District 17 (Alamance); the current State Bar Councilor representing Alamance County for distribution in turn to the local Bar; the Sheriff of Alamance County; the President of the Alamance County Executive Law Enforcement Committee for distribution to each law enforcement agency operating in Alamance County; and the Judicial District Manager for District 15 of the Division of Adult Correction and Juvenile Justice, Community Corrections.

5. The Trial Court Coordinators shall have a copy of this Policy available in chambers to all visiting judges assigned to preside in District 15A.

Entered in our respective chambers, this the 18th day of June, 2020.

THE HONORABLE D. THOMAS LAMBETH, JR      THE HONORABLE BRADLEY REID ALLEN, SR.
Senior Resident Superior Court Judge      Chief District Court Judge

# Pretrial Release and Bond Policy for District 15A
Effective July 1, 2020

## I. Introductory Matters

A. **Name**. This policy shall be known officially as the "Pretrial Release and Bond Policy for District 15A," hereafter the "Policy," where appropriate.

B. **Authority**. This Policy is adopted pursuant to the mandate of G.S. 15A-535(a) (2019), which provides, in relevant part, "the senior resident superior court judge for each district … in consultation with the chief district court judge or judges of all the district court districts in which are located any of the counties in the senior resident superior court judge's district or set of districts, <u>must</u> devise and issue recommended policies to be followed within each of those counties in determining whether, and upon what conditions, a defendant may be released before trial" (emphasis added).

C. **Definitions**.

1. In addition to the terms defined in this section, the terms and definitions set forth in G.S. 15A-531 are hereby adopted and incorporated herein by reference.

2. "<u>Capital offense</u>" means an offense for which the death penalty is an authorized form of punishment. Such an offense is "capital" regardless of whether the District Attorney is seeking the death penalty in the particular case. A pending charge of "murder" that does not specify first or second degree shall be deemed a "capital" offense for the purposes of this Policy.

3. "<u>Cash</u>" means United States currency or its equivalent, meaning a cashier's check, certified check, or money order.

4. "<u>Clerk</u>" is as defined in G.S. 15A-101(2). References intended to refer only to the elected Clerk of Superior Court shall be phrased in full: "the Clerk of Superior Court."

5. "<u>Court</u>" means the judicial official determining a defendant's eligibility for and conditions of pretrial release.

6. "<u>Interfere with the criminal proceeding</u>." For the sake of brevity and ease of reading, the phrase "interfere with the criminal proceeding" and grammatical variations thereof refer to the risks of "destruction of evidence, subornation of perjury, or intimidation of potential witnesses" set forth in G.S. 15A-534(b) as considerations that may support imposition of a secured bond as a defendant's form of pretrial release.

7. "<u>Judicial official</u>" is as defined in G.S. 15A-101(5). References in this Policy to "judicial official" shall be deemed to apply to any official listed in the statutory definition. The use of a specific judicial official's title in this Policy, *e.g.*, "magistrate," is intended to refer to that official, only, and does not encompass other judicial officials.

8. "<u>Obligor</u>" means the defendant and any surety who execute a monetary bail bond, whether unsecured or secured.

9. "Release order" means a commitment order entered pursuant to G.S. 15A-511(e) and 15A-521(b), which may contain conditions for the defendant's release, or any separate order for which the content is limited to conditions of release and their modification.

10. "Surety" means an entity other than the defendant who executes a monetary bail bond, either personally or through an authorized agent, and who is jointly and severally liable with the defendant and all other sureties on the same bond in the event of forfeiture of bail. The entities that may serve as surety are as defined in G.S. 15A-831(8).

11. "Victim" is as defined in G.S. 15A-830(a)(7) (2019, as amended by S.L. 2019-216).

D. **Purpose of Policy**. The purpose of this Policy is to provide uniform guidance for the implementation of N.C.G.S. Chapter 15A, Article 26, and related statutes governing the pretrial release of criminal defendants. Relevant statutes may be explained in this Policy and in some cases set forth almost verbatim, but nothing in this Policy is intended to amend, abrogate, or repeal any statute cited. In the event of direct and irreconcilable conflict, the relevant statute controls over any content of this Policy.

E. **Purpose of Pretrial Release**. The purpose of pretrial release is to impose the least restrictive conditions that will reasonably assure a defendant's appearance in court, protect against injury to any person, and prevent interference with criminal proceedings. The right to pretrial release recognizes the presumption of innocence and promotes a defendant's right to a fair trial, by facilitating access to counsel, freedom of movement to secure witnesses, and the general ability to prepare a defense.

It is recognized that pretrial release may create a risk that the accused will flee, commit another crime, or interfere with the criminal proceeding. These are calculated risks codified in the legislature's statutory presumption in favor of pretrial release that must be taken within our system of justice.

Making pretrial release contingent upon the payment of money bail that a person cannot afford results in a *de facto* detention order. Thus, without the necessary safeguards, the use of secured money bail can deprive people of their constitutional rights.

Secured monetary bail that is set in an amount higher than what a person can pay implicates that person's rights to pretrial liberty and against wealth-based detention under the Constitution of the United States.

Moreover, while monetary bail that is higher than what a defendant currently can meet is not *per se* excessive, bail in an amount higher than an amount reasonably calculated to minimize these risks is excessive and unlawful under the Eighth Amendment to the Constitution of the United States and under Article I, Section 27 of the Constitution of the North Carolina. Bail may not be used as punishment.

F. **Scope**.

1. This policy is applicable to all pretrial release determinations in criminal and infraction proceedings for which trial venue originates in or is transferred to Alamance County.

2. Judicial officials in District 15A who must determine eligibility for or conditions of pretrial release for a defendant with a criminal or infraction proceeding for which trial venue lies in another Judicial District should make every reasonable effort to obtain information about and adhere to the pretrial release policy of the relevant district. If another district's pretrial release policy is unobtainable within the time frame in which a pretrial release determination must be made, the presiding judicial official shall proceed according to this Policy.

## II. Pretrial Release Determinations - General

A. **State Law.** The provisions of this section incorporate the state law pertaining to eligibility for release. These provisions are to be applied in a manner consistent with the U.S. Constitution.

B. **Officials authorized to determine conditions**. Any judicial official is authorized to determine a defendant's eligibility for and conditions of pretrial release when presiding over any proceeding in which determination or review of pretrial release is required or authorized, and at which the defendant's conditions of release are within the subject matter jurisdiction of that official, except when determination of conditions of release is impermissible or must be delayed as addressed under **Determining Eligibility for Release**, below. These settings generally will include, but are not limited to:

1. **Initial appearances** presided over by any judicial official (typically magistrates).

2. **First appearances** presided over by district or superior court judges (and clerks pursuant to G.S. 15A-601(e)).

3. **Motions hearings** before judges of the trial division, upon motion of a party or the court's own motion.

C. **Represented Defendants**. At any setting at which conditions of release are considered for a defendant represented by counsel, the defendant shall be allowed to communicate fully and confidentially with his attorney before and during the proceeding.

D. **Evidence**. When deciding questions of pretrial release, the formal rules of evidence do not apply. G.S. 15A-534(g). The presiding official must take into account all evidence available and deemed reliable, and any evidence the presiding official considers must be disclosed to the defendant, unless such disclosure is otherwise prohibited by law.

1. Any source of information deemed reliable should be considered. This includes information from the defendant, an arresting officer, other witnesses who can provide information regarding the underlying allegation(s) or factors relevant to the defendant's release (like family ties, duration of residence, or character and reputation). The presiding official also may rely on official records of the court and related agencies, including automated information systems like NC AWARE, CJLEADS, and similar sources.

2. The presiding official shall take judicial notice of the content of the court's own records, and their accuracy shall be presumed unless rebutted by sufficient credible evidence.

3. Requests for specific types or conditions of release from law enforcement officers, probation officers, etc., may be considered but should not be given undue weight in comparison to evidence of other factors governing pretrial release set forth in G.S. 15A-534(c).

E. **Recordkeeping**.

1. **Form AOC-CR-200**. All orders setting conditions of release or modifying them will be entered on the most recent version of form AOC-CR-200 (Conditions of Release and Release Order) promulgated by the North Carolina Administrative Office of the Courts (AOC).

   a. All initial orders setting conditions of release will be entered on the AOC-CR-200, except in emergency or disaster situations in which the judicial official is incapable of obtaining a copy of a CR-200 in any format, whether in electronic or paper format.

   b. When a specific statute governing pretrial release applies and there is an AOC form promulgated for that statute, the primary conditions of release shall be imposed on AOC-CR-200, with the other AOC form used to impose specific conditions for that statute. Other AOC forms or other, supplemental documents imposing conditions of release or the court's findings shall be incorporated by reference explicitly on the AOC-CR-200.

   c. The use of other forms or formats for modification of conditions of release (e.g., the AOC-CR-305) is prohibited except in emergencies when the official has no access to NC AWARE, and it is not possible for a party or the official in custody of the current AOC-CR-200 to produce it for modification.

2. **NC AWARE**. All judicial officials with access to NC AWARE will use that application to produce and document all commitment orders and conditions of release (on the AOC-CR-200 and related forms).

   a. Infraction. In the rare circumstance in which conditions of release may be imposed in a case for which all charges are infractions (see **Special Scenarios Affecting the Conditions of Release**, below), this requirement to use NC AWARE to produce the release order shall not apply. NC AWARE cannot initiate documentation for cases that charge only infractions.

   b. When conditions of release are set or modified by a judicial official without access to NC AWARE, the clerk will enter those conditions into NC AWARE as soon as reasonably practical after filing of the order with the clerk. Orders or modifications entered in this manner will be entered in a manner that identifies both the official who entered the order and the clerk who performed the entries on that official's behalf.

3. **Grouping Related Charges**.

   a. Charges that are transactionally-related, *i.e.*, arising from the same alleged incident, may be (but are not required to be) grouped together under a single set of conditions of release, *i.e.*, a single release order (AOC-CR-200), even if charged in separate file numbers.

b. Charges that are <u>not</u> transactionally-related, *i.e.*, arising from different alleged incidents or events, should <u>not</u> be grouped together under a single set of conditions of release (on a single release order). Conditions of release for unrelated charges should be imposed on separate release orders for each incident.

Transactionally-unrelated charges are likely to proceed separately through the trial division(s). Grouping them under a single release order (and therefore likely a single bond, if a monetary bond is imposed) risks depriving one set of cases of security in the event of a failure to appear in another set of cases, thus necessitating additional court proceedings (like motions to revoke release, orders for arrest, and additional settings to determine new conditions of release) to address conditions of release for each set of cases.

However, for purposes of determining a defendant's ability to pay as a factor in determining type of release and the amount of any monetary bond that is imposed, *see* Part IV.B., judicial officials must consider any evidence presented of the total amount of any monetary conditions of release that are imposed upon a defendant at one time.

4. **Written findings**.

   a. Except as otherwise provided herein, such as in the context of setting a secured bond, or mandated by a statute relevant to the context, written findings of the court's pretrial release decisions are not required. Exceptions are noted throughout this Policy with the notation of **Written Findings**.

   b. When written findings are not required, the presiding judicial official shall inform the parties present verbally of all key evidence and factors considered in arriving at pretrial release decisions.

F. **Modifying Conditions of Release**.

1. Modification or revocation on court's own motion. G.S. 15A-534(e) and (f).

   a. For good cause shown any judge may at any time modify or revoke an order of pretrial release. Upon application of any defendant whose order of pretrial release has been revoked, the judge must set new conditions of pretrial release in accordance with this Policy.

   b. If the defendant already has been released from custody when the court enters an order revoking an order of pretrial release, and the defendant is not before the court at the time of entry of the revocation:

      1) The court may issue an order for the defendant's arrest. G.S. 15A-305.

      2) If a monetary bond has been posted for the defendant's release, whether unsecured or secured, and has not been ordered forfeited due to a failure to appear, the court should order termination of that bond pursuant to G.S. 15A-534(h)(1) in order to release the obligors from their obligation.

2. Modification upon motion of party. G.S. 15A-538 and 15A-539.

    a. The defendant or State may at any time move the court for modification of the current conditions of release. Such motions shall be governed by the policies otherwise applicable to motions in criminal proceedings in District 15A.

    b. If a defendant's conditions of release are modified after the defendant already was released under the previous conditions, the court should require that the defendant and any surety or supervising custodian execute the documentation appropriate to the modified conditions of release, *i.e.*, a written promise to appear or acknowledgment of a supervisory release on form AOC-CR-200 or new Appearance Bond (form AOC-CR-201) commensurate with any modified monetary conditions. If a monetary bond had been posted under the previous conditions and has not been ordered forfeited due to a failure to appear, the court should order termination of that bond pursuant to G.S. 15A-534(h)(1) in order to release the obligors from their obligation.

## III. Determining Eligibility for Release

A. **State Law.** The provisions of this section incorporate the state law pertaining to eligibility for release. These provisions are to be applied in a manner consistent with the U.S. Constitution.

B. **Cases in Which Release Is Not Authorized or Subject to Presumption Against Release.** Certain cases or defendants are not entitled to the determination of conditions of release, frequently referred to as "no bail" scenarios.

    1. **Recordkeeping for "No Bail" Scenarios**.

        a. When release is not authorized, the judicial official reviewing eligibility for release shall impose commitment on form AOC-CR-200 and mark the option for "Your release is not authorized."

        b. **Written Findings.** The official also shall document on the release order (form AOC-CR-200) a brief description of the basis for denying release, *e.g.*, "capital case," "Governor's Warrant," "fugitive - life or death," "military deserter," etc.

    2. **Capital cases**. G.S. 15A-533(c).

        a. Only a judge may authorize release for a defendant charged with a capital offense. A magistrate or clerk must deny release when determining conditions for a defendant charged with a capital offense.

        b. If a judge grants conditions of release for a defendant charged with a capital offense, the judge shall determine eligibility for release and conditions as otherwise provided in this Policy.

    3. **Violations of parole or post-release supervision**. G.S. 15A-1368.6 and 15A-1376.

        a. A defendant arrested on an order of "temporary or conditional revocation" of post-release supervision, G.S. 15A-1368.6, or parole, G.S. 15A-1376, is not entitled to conditions of release.

        b. Upon committing the defendant to custody, if a probation/parole officer was not the arresting officer, the court should notify the local chief probation and parole officer of the arrest as soon as feasible. The Post-Release Supervision and Parole

Commission (PRSPC) will proceed to schedule and conduct the offender's preliminary hearing on the alleged violation.

4. **Extradition - Governor's Warrants**.

    a. A person served with a Governor's Warrant for his arrest is not entitled to conditions of release.

    b. When entering a release order to commit a defendant served with a Governor's Warrant, the judicial official shall set a court appearance at the first available session of District Court.

5. **Extradition - Fugitive Arrests**

    a. A defendant arrested on a fugitive process (whether warrant or magistrate's order) under G.S. Chapter 15A, Article 37, is <u>not</u> entitled to conditions of release, if the offense in the requesting state is punishable by death or life in prison.

    b. Defendants arrested on fugitive processes for cases that do not risk punishment with death or life in prison <u>are</u> entitled to bail (conditions of release). Set bail as provided in the **Guidelines for Monetary Bonds** in Appendix B; the bail for a fugitive proceeding <u>must</u> be a secured bond. G.S. 15A-736.

    c. Note that a requesting state's preference regarding bail (*e.g.*, a "no bail" note in an automated record of the outstanding process) is <u>not</u> binding on the judicial official's determination of conditions of release. Conditions of release should be imposed as provided in this Policy.

6. **Probationers - Interstate Compact Supervision.** G.S. 148-65.8.

    a. A defendant supervised on probation in North Carolina on behalf of another state pursuant to the Interstate Compact on Adult Supervision (ICAOS) may be arrested for a "retaking" hearing to determine whether or not the defendant should be returned to the other state for a probation violation proceeding.

    b. A probationer arrested for an ICAOS "retaking" proceeding is not entitled to conditions of release. G.S. 148-65.8(a).

    c. Upon committing the defendant to custody, if a probation/parole officer was not the arresting officer, the court should notify the local chief probation and parole officer of the arrest as soon as feasible, so that the local probation office can notify North Carolina's ICAOS office of the arrest.

7. **Offenses Committed During Involuntary Commitment**. G.S. 15A-533(a).

    a. When a defendant is charged with any crime, capital or noncapital, alleged to have been committed while the defendant was residing in, upon escape from, or during an unauthorized absence from involuntary commitment in a mental health facility, if the judicial official considering pretrial release determines that the commitment is still valid, the defendant is <u>not</u> entitled to conditions of release.

    b. In addition to imposing the condition that "Your release is not authorized," the official's release order shall direct the custodian to return the defendant to the

treatment facility for continuation of treatment, pending additional proceedings on the criminal offense.

8. **Detention to Protect Public Health (Quarantine/Isolation Orders).** G.S. 15A-534.5.

   a. A person arrested for violation of a public health order governing freedom-of-movement or access and entered pursuant to G.S. 130A-145 (quarantine and isolation orders) or G.S. 130A-475 (public health threat resulting from terrorist attack) is <u>not</u> entitled to conditions of release.

   b. Upon commitment of the defendant to custody, the judicial official should notify the local health director of the confinement and the need for a determination of any continued threat.

   c. Upon recommendation of the health director (State or local) that the defendant may be released, if any criminal charge related to the alleged violation is pending, a judicial official shall determine conditions of release as otherwise provided in this Policy.

9. **Military Deserters.** 10 U.S.C. § 808, *et. seq.*

   Military deserters arrested and presented to civilian authorities for confinement are <u>not</u> entitled to conditions of release. In addition to committing the deserter to custody, the judicial official's release order should direct the custodian to contact the relevant military authority to take custody of the deserter.

10. **Safety Detention for Public Intoxication.** G.S. 122C-303.

    An officer's detention of an intoxicated person pursuant to G.S. 122C-303 for the person's own safety is <u>not</u> a criminal proceeding. Chapter 15A does not apply, and judicial officials have no role in that confinement. A judicial official should <u>not</u> enter a commitment order or conditions of release to ratify such detention.

11. **Rebuttable Presumptions Against Release.**

    a. **Affected cases** - Recidivist drug trafficking, recidivist gang offenses, recidivist firearm offenses, and methamphetamine manufacture.

       1) Recidivist drug trafficking. G.S. 15A-533(d). Applies to a defendant:

          a) Charged with an offense involving trafficking in a controlled substance (typically drug trafficking under G.S. 90-95(h));

          b) Allegedly committed while on pretrial release for any other offense; and

          c) With previous conviction for a Class A through E felony <u>or</u> for an offense involving trafficking in a controlled substance, and no more than 5 years have elapsed since the latter of (i) the date of conviction, or (ii) the defendant's release from prison for the prior offense.

       2) Recidivist gang offenses. G.S. 15A-533(e). Applies to defendants:

a) Charged with an offense committed for the benefit of, at the direction or, or in association with, any criminal gang, as defined in G.S. Chapter 14, Article 13A;

b) Allegedly committed while on pretrial release for any other offense; and

c) With a previous conviction for an offense (i) set out in G.S. 14-50.16 through 14-50.20, or (ii) enhanced for sentencing pursuant to G.S. 15A-1340.16E (gang enhancement), and no more than 5 years have elapsed since the latter of (i) the date of conviction, or (ii) the defendant's release for the prior offense.

3) Recidivist firearm-involved offense. G.S. 15A-533(f). Applies to a defendant:

a) Charged with a felony or Class A1 misdemeanor involving the illegal use, possession, or discharge of a firearm;

b) Allegedly committed while on pretrial release for another felony or Class A1 misdemeanor involving the illegal use, possession, or discharge of a firearm; and

c) With a previous conviction for a felony or Class A1 misdemeanor involving the illegal use, possession, or discharge of a firearm, and no more than 5 years have elapsed since the latter of (i) the date of conviction, or (ii) the defendant's release for the prior offense.

4) Manufacture of methamphetamine. G.S. 15A-534.6. Applies to a defendant:

a) Charged with a violation of G.S. 90-95(b)(1a) (manufacture of methamphetamine) or G.S. 90-95(d1)(2)b. (possession of precursor chemical knowing/having reason to believe it will be used to manufacture methamphetamine); and

b) Clear and convincing evidence indicates that the person is in any manner dependent upon methamphetamine or has a pattern of regular illegal use of methamphetamine, and the present charge offense was committed or attempted in order to maintain or facilitate the dependence or pattern of illegal use in any manner.

b. **Procedure for Rebuttable Presumptions Against Release**.

1) For the presumptions against release for trafficking, gang offenses, and firearm offenses, a magistrate or clerk is not authorized to determine conditions of release. G.S. 15A-533(g). A magistrate or clerk conducting an initial appearance for such offenses shall deny release and set the case for the first available appearance before a judge.

2) For the presumption against release for manufacture of methamphetamine, any judicial official may consider release. Determination of conditions under G.S. 15A-534.6 is not limited to judges.

3) Each of the statutory presumptions provides that "no condition[s] of release" will adequately assure the defendant's appearance (trafficking, gang, and firearm) or the safety of the community (all four presumptions) or of the

defendant (methamphetamine). Therefore the judicial official with discretion to grant conditions of release may do so upon findings favorable to defendant of the factors in G.S. 15A-534(c) that rebut presumptions concerning the future appearances and safety of the community and defendant.

4) **Written Findings.**

    a) If any of the statutory presumptions is not rebutted and therefore results in a denial of conditions of release, the judicial official shall document briefly on the release order the statutory provision under which relief was denied, *e.g.*, "G.S. 15A-533(f), recidivist firearm offense, presumption not rebutted."

    b) When applying the presumption against release under G.S. 15A-534.6 (methamphetamine), the judicial official should <u>not</u> ascribe to the defendant any specific medical or psychological condition in the release order (like "addict"). The order should indicate only application of the presumption under G.S. 15A-534.6 and that it was not rebutted.

## C. Delaying Determining Conditions of Release.

Certain defendants or charges may require a delay in the determination of the defendant's eligibility for or conditions of release.

1. **Unruly or Intoxicated Defendants**. G.S. 15A-511(a)(3).

    a. If a defendant is so unruly and disruptive as to impede the initial appearance, or is so intoxicated, unconscious, or otherwise unable to understand the procedural rights afforded him by the initial appearance, the presiding judicial official may delay the initial appearance temporarily and order the defendant confined or secured in the meantime.

    b. Note: This is <u>not</u> merely a delay in setting conditions of release; this is a delay of the <u>entire</u> initial appearance for a defendant too disruptive or unable to participate in the appearance.

    c. When imposing a temporary confinement pursuant to G.S. 15A-511(a)(3), the official shall include in the order a clear directive to the custodian to return the defendant for completion of the initial appearance either (i) within a reasonable time, or (ii) upon a relevant contingency (*e.g.*, "when he wakes up").

2. **Impaired Driving - Defendant Too Impaired for Safe Release**. G.S. 15A-534.2.

    a. Applies to the initial appearance for a defendant charged with any offense involving impaired driving, as defined in G.S. 20-4.01(24a).

    b. If at the time of the initial appearance, the presiding official finds by clear and convincing evidence that the "the impairment of the defendant's physical or mental faculties presents a danger, if he is released, of physical injury to himself or others or damage to property," the official <u>must</u> order the defendant held in custody and inform him that he will be held until either:

1) His physical and mental faculties are no longer impaired to the extent that he presents a danger of physical injury to himself or others or of damage to property; or

2) A sober, responsible adult is willing and able to assume responsibility for the defendant until his physical and mental faculties are no longer impaired.

c. The defendant may not be detained pursuant to G.S. 15A-534.2 more than 24 hours. At the end of the 24 hours, if the defendant has not otherwise been released, the judicial official shall rescind the order imposing the temporary hold.

d. Judicial officials shall impose conditions of release on form AOC-CR-200 as otherwise provided in this Policy at the time of the initial appearance. The official shall use form AOC-CR-270 to impose the temporary hold for the defendant's safety and to record the defendant's release to a sober, responsible adult, if applicable.

e. Notes:

1) This temporary hold is <u>not</u> actually a delay in determining the conditions of release. The presiding official shall determine conditions of release as otherwise provided in this Policy at the time of the initial appearance. The official shall impose the temporary hold for the defendant's safety <u>in addition</u> to the conditions of release.

2) The presiding judicial official should be sure to comply with the additional procedures for initial appearances under G.S. 20-38.4 for qualifying offenses.

3) For more detailed information on initial appearances for implied consent offenses, *see* Jessie Smith, *Criminal Proceedings Before North Carolina Magistrates* 23 (UNC School of Government 2014).

3. **Domestic Violence**. G.S. 15A-534.1.

a. G.S. 15A-534.1 provides that only a judge may determine conditions of release within the first 48 hours after arrest for a defendant charged with a qualifying offense (listed in subsection (a) of the statute) against certain victims (also listed in subsection (a)).

b. A judicial official other than a judge who conducts an initial appearance for a defendant subject to G.S. 15A-534.1 shall <u>not</u> direct that the defendant be confined for a fixed 48 hours.

1) The official shall enter a release order with the directive that "Your release is not authorized" and then schedule the case at the <u>first</u> available court session in the county after arrest, whether criminal or civil, at which a judge will be presiding. The official shall use the appropriate section of the ORDER OF COMMITMENT on form AOC-CR-200 to direct that appearance.

2) If a session of court is in progress at time of initial appearance and it is feasible to produce the defendant at that session, the official entering the release order shall order the custodian to transport defendant to court immediately. The presiding judge shall determine whether appearance can be

conducted without significant disruption to session's proceedings or how to proceed otherwise.

c. If a judge has not acted to determine conditions of release within 48 hours of arrest, a magistrate shall determine the defendant's eligibility for and conditions of release. G.S. 15A-534.1(b).

d. When a judicial official reaches the stage of setting the conditions of release for a defendant subject to G.S. 15A-534.1:

   1) Upon a determination that (i) immediate release of the defendant will pose a danger of injury to the alleged victim or to any other person or is likely to result in intimidation of the alleged victim <u>and</u> (ii) that execution of an appearance bond will not reasonably assure that such injury or intimidation will not occur, the official may order the defendant detained for a reasonable period of time while determining the conditions of release. G.S. 15A-534.1(a)(1).

   2) The official shall direct a law enforcement officer or district attorney to provide a criminal history report for the defendant for consideration when setting conditions of release. If the report is not provided promptly, the judicial official shall proceed without it and so note in the applicable section of form AOC-CR-630. If provided, the report shall be returned to the providing agency after conditions of release have been set and shall <u>not</u> be included with the paperwork delivered to the clerk for filing.

   3) If at the time of initial appearance the presiding official has cause to believe that the defendant is mentally ill and dangerous to himself or herself or others or a substance abuser and dangerous to himself or herself or others, the official may initiate proceedings under Article 5 of Chapter 122C of the General Statutes, if appropriate.

e. When determining the actual conditions to be imposed for a defendant subject to G.S. 15A-534.1, judicial officials shall follow Part IV., below.

4. **Threats of Mass Violence (Educational/Religious Property).** G.S. 15A-534.7.

a. Note: Despite minor substantive differences, the process for determining conditions of release under G.S. 15A-534.7 is procedurally identical to the process for domestic violence offenses under G.S. 15A-534.1.

b. G.S. 15A-534.7 provides that only a judge may determine conditions of release within the first 48 hours after arrest for a defendant charged with a violation of:

   1) Communicating a threat of mass violence on educational property, G.S. 14-277.6; or

   2) Communicating a threat of mass violence at a place of religious worship, G.S. 14-277.7.

c. A judicial official other than a judge who conducts an initial appearance for a defendant subject to G.S. 15A-534.7 shall <u>not</u> direct that the defendant be confined for a fixed 48 hours.

1) The official shall enter a release order with the directive that "Your release is not authorized" and then schedule the case at the <u>first</u> available court session in the county after arrest, whether criminal or civil, at which a judge will be presiding. The official shall use the appropriate section of the ORDER OF COMMITMENT on form AOC-CR-200 to direct that appearance.

2) If a session of court is in progress at time of initial appearance and it is feasible to produce the defendant at that session, the official entering the release order shall order the custodian to transport defendant to court immediately. The judge presiding shall determine whether appearance can be conducted without significant disruption to session's proceedings or how to proceed otherwise.

d. If a judge has not acted to determine conditions of release within 48 hours of arrest, a magistrate shall determine the defendant's eligibility for and conditions of release. G.S. 15A-534.7(b).

e. When a judicial official reaches the stage of setting the conditions of release for a defendant subject to G.S. 15A-534.7:

1) Upon a determination that (i) immediate release of the defendant will pose a danger of injury to persons <u>and</u> (ii) that execution of an appearance bond will not reasonably assure that such injury or intimidation will not occur, the official may order the defendant detained for a reasonable period of time while determining the conditions of release. G.S. 15A-534.7(a)(1).

2) The official shall direct a law enforcement officer or district attorney to provide a criminal history report for the defendant for consideration when setting conditions of release. If the report is not provided promptly, the judicial official shall proceed without it and so note in the applicable section of form AOC-CR-660. If provided, the report shall be returned to the providing agency after conditions of release have been set and shall <u>not</u> be included with the paperwork delivered to the clerk for filing.

3) If at the time of initial appearance the presiding official has cause to believe that the defendant is mentally ill and dangerous to himself or herself or others or a substance abuser and dangerous to himself or herself or others, the official may initiate proceedings under Article 5 of Chapter 122C of the General Statutes, if appropriate.

f. When determining the actual conditions to be imposed for a defendant subject to G.S. 15A-534.7, judicial officials shall follow Part IV., below.

5. **Felony Charge, Defendant on Probation**. G.S. 15A-534(d2)

a. When determining conditions of release for a defendant who is (i) charged with a felony, and (ii) currently on probation for a prior offense, the judicial official shall determine whether the defendant poses a "danger to the public" prior to setting conditions of release.

1) If the presiding official finds that defendant <u>does</u> pose a danger to the public, the official shall impose a secured bond. The amount shall be determined as otherwise provided in this Policy.

2) If the presiding official finds that the defendant <u>does not</u> pose a danger to the public, the official shall set conditions of release as normal and as otherwise provided in this Policy.

3) If the official has <u>insufficient information</u> to determine whether the defendant poses a danger to the public, the official must:

   a) Order the defendant detained in custody until a determination can be made;

   b) Record (i) the basis for the decision that additional information is needed, and (ii) the nature of the information necessary to make the determination of dangerousness; and

   c) Schedule a first appearance under Article 29, as provided in the administrative order, "**IN RE IN-CUSTODY FIRST APPEARANCES - DISTRICT 15A.**"

      (1) If the necessary information is provided before the first appearance, the first available judicial official shall review it and set conditions of release immediately.

      (2) If the information is not provided by the time of the first appearance, the presiding judge shall proceed without the additional information and set conditions of release as normal.

b. **Written Findings**. The relevant findings described above, whether the defendant does pose a danger, does not pose a danger, or additional information is needed, must be recorded in writing. The official making that determination shall make the findings on form AOC-CR-272 (Side One) and incorporate it by reference on the release order (form AOC-CR-200) that either imposes conditions of release or orders the defendant temporarily detained while additional information is sought.

6. **Probation Violation, Defendant with Pending Felony or Prior Conviction for Sex Offense Requiring Registration**. G.S. 15A-1345(b1).

a. When determining conditions of release for a defendant arrested for a probation violation, and the defendant has <u>either</u> (i) a pending felony charge; or (ii) a prior conviction for an offense that requires registration as a sex offender under G.S. Chapter 14, Article 27, or that would have required registration but for the effective date of the legislative acts establishing the sex offender registration program under that Article and the offenses subject to it, then the presiding judicial official shall determine whether the defendant poses a "danger to the public" prior to setting conditions of release.

1) If the judicial official determines that the defendant <u>does</u> present a danger to the public, the official shall <u>deny</u> conditions of release pending the probation violation hearing. (This is a "no bail" scenario.)

2) If the judicial official determines that the defendant <u>does not</u> present a danger to the public, the official shall set conditions of release as normal and as otherwise provided in this Policy.

3) If the official has <u>insufficient information</u> to determine whether the defendant poses a danger to the public, the official must order the defendant detained without bail in order for the official or a subsequent judicial official to obtain sufficient information to determine whether the defendant poses a danger to the public.

4) If the defendant has been detained without bail for seven days from the date of arrest as provided in paragraph 3), above, the defendant shall be brought immediately before any judicial official, who shall record that fact in writing and set conditions as normal and as otherwise provided in this Policy.

b. **Written Findings**. The relevant findings described above, whether the defendant does pose a danger, does not pose a danger, or there is insufficient information to decide, must be recorded in writing.

1) The official making that determination shall make the findings on form AOC-CR-272 (Side Two) and incorporate it by reference on the release order (form AOC-CR-200) that either imposes conditions of release or orders the defendant temporarily detained while additional information is sought.

2) The order on form AOC-CR-272 (Side Two) shall specify the date and time 7 days after arrest at which the defendant must be produced for determination of conditions of release, if conditions have not been set sooner.

3) The release from the potential seven-day temporary detention described above, whether at the end of the seven-day period or earlier upon obtaining information sufficient to make the determination of danger to the public, shall be recorded by the official setting (or denying) conditions of release on the same AOC-CR-272 that was used to impose the temporary detention.

7. **Defendants Who Refuse to Identify Themselves**.

a. Judicial officials should review Jessie Smith, *Criminal Proceedings Before North Carolina Magistrates* 16 (UNC School of Government 2014), for additional discussion of this scenario.

b. If a defendant at initial appearance cannot be identified readily and refuses to identify himself and would otherwise be eligible for determination of conditions of release, the judicial official shall order that the defendant be detained temporarily and direct the arresting law enforcement agency to investigate the defendant's identity.

1) If defendant can be adequately identified or identifies himself, determine eligibility for and conditions of release as otherwise provided in this Policy.

2) If defendant cannot be identified and continues to refuse to identify himself:

a) The judicial official shall deem that refusal clear and convincing evidence that the defendant is unlikely to appear in court and shall impose a secured

bond appropriate to the offense(s) charged and as otherwise provided in this Policy, in addition to any other conditions of release appropriate.

b) The official shall impose in the conditions of release the additional condition that the defendant adequately identify himself or that identification be adequately established prior to release.

    (1) The official shall <u>not</u> impose a condition specifying the type of identification required, *e.g.*, "U.S. government- or state-issued ID." Any reliable method of identification shall be accepted.

    (2) If the defendant is charged with (i) an offense involving impaired driving, G.S. 20-4.01(24a), or driving while license revoked based on an impaired driving license revocation, the judicial official shall impose a condition that the defendant submit to fingerprinting as provided in G.S. 15A-502(a6) and 15A-534(a). If the fingerprinting agency learns the defendant's identity as a result of that submission, the judicial official shall rely on that identification as accurate for the purposes of setting conditions of release.

c) If identification is acquired before release and while the release order remains under the entering official's jurisdiction pursuant to G.S. 15A-534(e), then upon request of the defendant, the official shall re-evaluate eligibility for and conditions of release and modify the conditions, if appropriate.

## IV. Determining Conditions of Release

### A. Type of Release

    1. **Five Types of Release.**

        G.S. 15A-534(a) sets out five permissible types of pretrial release:

        a. Written promise to appear;

        b. Unsecured bond;

        c. Custody release to a person or organization agreeing to supervise the defendant;

        d. Secured bond; or

        e. House arrest with electronic monitoring (EHA) (also requires a secured bond).

    2. **Multiple Types of Release Generally Prohibited.** When determining conditions of release, a judicial official must impose "at least one" of the five types of release. G.S. 15A-534(a). While imposing multiple types of release under paragraph 1 is permissible, *e.g.*, a custody release *and* an unsecured bond, judicial officials subject to this Policy shall not impose multiple types of release unless extraordinary circumstances warrant doing so or as otherwise provided in this Policy for certain cases.

    3. **Electronic House Arrest (EHA) Not to Be Imposed.**

a. District 15A currently lacks a comprehensive program for house arrest with electronic monitoring under G.S. 15A-534(a)(5). Therefore, EHA shall <u>not</u> be imposed as a condition of release for cases pending in District 15A, except in extraordinary cases.

b. Only a judge may impose EHA for a case pending in District 15A, and **written findings** shall be included to set forth in detail the parameters of the defendant's release on EHA.

c. Under no circumstances shall EHA be imposed as a condition of release in a manner that tasks the defendant with payment for the electronic monitoring.

d. Note: A condition to abstain from alcohol consumption, as verified by a continuous alcohol monitoring system (CAM), is not EHA. For imposition of CAM as a condition of release, see **Additional Conditions of Release,** below.

## B. Choosing the Form of Release

1. **Presumption Against Secured Bonds**. Unless paragraph 5, below, applies or North Carolina General Statutes or this Policy require otherwise, G.S. 15A-534(a) mandates that the judicial official granting pretrial release must impose one of the following three types of release.:

   a. Written promise to appear;

   b. Unsecured bond;

   c. Custody release to a person or organization agreeing to supervise the defendant.

   Note: It is within the defendant's discretion to refuse a custody release and elect to have a secured bond imposed, instead. G.S. 15A-534(a).

2. **Presumption for Non-Monetary Types of Release.** Although not explicitly required by G.S. 15A-534(a), this Policy recommends a presumption in favor of the non-monetary types of release, written promises and custody releases, over the monetary forms of an unsecured or secured bond.

3. **Presumption Against Secured Bond for Low-Level Misdemeanors**. When conditions of release are determined for a defendant for which the most serious charged offense(s) is a misdemeanor in Classes 1, 2, or 3, the judicial official shall impose a type of release other than a secured bond, unless:

   a. the elements of an offense charged include the breaking or entering of a structure, assault on or injury to a person, or the use or possession of a firearm or deadly weapon;

   b. the case triggers the application of G.S. 15A-534.1 (domestic violence) due to the offense(s) charged and the relationship of the defendant to the alleged victim(s); or

   c. clear and convincing evidence of one or more factors set out in G.S. 15A-534(c) presents a substantial likelihood of one or more of the risks set out in G.S. 15A-534(b) (failure to appear, injury to persons, or interference with the criminal proceeding).

The finding of one or more of these exceptions does **not**, by itself, support the imposition of a secured bond. If one of these exceptions applies, the official still must determine the appropriate type of release to be imposed pursuant to Part IV of this Policy. See the flowchart in Appendix A.

4. **Exception for Arrest after Failure to Appear**. G.S. 15A-534(d1).

   a. When determining conditions of release for a defendant arrested pursuant to an order for arrest (OFA) that was issued in response to a failure to appear, G.S. 15A-534(d1) requires the imposition of specific conditions of release, regardless of any other factors set out in G.S. 15A-534.

   b. The conditions of release to be imposed are:

      1) At a minimum, any condition(s) of release recommended in the order for arrest;

      2) If no conditions are recommended in the order for arrest, a secured bond at least double the amount of the most recent monetary bond in the case (secured or unsecured); or

      3) If there was no prior monetary bond imposed in the case, a secured bond of at least $1,000.

   c. In addition to the mandatory conditions imposed, the judicial official shall make a written finding on the release order that the conditions are being imposed after (i) a failure to appear, or (ii) a second or subsequent failure to appear, as provided in the pre-printed options for these findings on form AOC-CR-200.

5. **Criteria for Imposing a Secured Bond**. G.S. 15A-534(b). Unless a relevant North Carolina General Statute or this Policy otherwise requires a secured bond, a judicial official may <u>not</u> impose a secured bond, unless release of the defendant under one of the three preferred types of release listed above (written promise, unsecured bond, or custody release) will:

   a. Not reasonably assure the presence of the defendant as required;

   b. Pose a danger of injury to any person; or

   c. Likely result in the destruction of evidence, subornation of perjury, or intimidation of witnesses (hereafter "interference with the criminal proceeding").

6. **Written Findings Required for Secured Bond**. When a secured bond is imposed, the judicial official shall make written findings of the basis for doing so. A template form for these findings is provided in Appendix C to this Policy. Detailed descriptions of findings and extensive facts underlying those findings are not required, but the findings shall include:

   a. Individual findings, based on clear and convincing evidence, that support the judicial official's determination that a secured bond is warranted as provided pursuant to G.S. 15A-534.

   b. A finding, based on clear and convincing evidence, that either (i) the defendant is able to pay the bond imposed, or (ii) the defendant appears to be unable to pay the

bond imposed, but pretrial detention is necessary, because no less-restrictive type of release will serve the State's compelling interests in assuring appearance, avoiding risk of injury, or avoiding interference with the criminal proceeding.

7. **Factors to Be Considered in Determining the Type of Release**

   a. **Flowchart for Type of Release.** While each of the factors listed below is relevant and should be considered in each determination of a defendant's conditions of release, the flowchart in Appendix A shall be deemed a sufficient proxy for evaluating the appropriate type of release for most defendants at initial appearances, except for defendants set out in paragraph b., immediately below. In cases for which the appropriate type of release is unclear and not readily apparent from the flowchart, or for subsequent decisions to modify the conditions of release, a judicial official should consider each of the factors listed in this section in detail in making a decision.

   b. Conditions of release ordered by a senior judicial official of the trial division in a criminal process or other order.

      1) *E.g.*, an order of a judge in effect when conditions of release are being determined by a magistrate or clerk, or an order of a superior court judge when conditions are being considered by a district court judge, magistrate, or clerk.

      2) Any condition(s) of release specified in an order by the issuing judicial official shall be imposed by the judicial official conducting an initial appearance or otherwise entering/modifying conditions of release pursuant to that order, unless directly instructed to deviate from the order by the issuing official.

      3) **Written Findings.** The judicial official determining conditions of release shall cite in the release order the preceding order that mandated the conditions of release (the date and name of issuing official shall suffice), and document that the conditions imposed either (i) were imposed "per" that order, or (ii) that any deviation was authorized by the issuing official.

   c. Nature and circumstances of the offense charged

      1) Note: If the most serious offense charged is a Class 3 misdemeanor, and the defendant has fewer than 4 prior convictions as calculated pursuant to G.S. 15A-1340.21, then the defendant cannot be sentenced to active imprisonment for the offense. G.S. 15A-1340.23(d). Therefore, the judicial official shall <u>not</u> impose a secured bond, unless there is clear and convincing evidence of danger of injury to any person, if released.

   d. Weight of evidence against the defendant

   e. Defendant's family ties

   f. Defendant's current employment status and history

   g. Defendant's financial resources and ability to pay any bond imposed, including ownership of real property.

1) For detailed guidance concerning consideration of a defendant's financial resources and ability to pay a bond as a factor in determining the appropriate type of release, see paragraph 8 of this section, below.

h. Defendant's character

i. Defendant's mental condition

j. Length of defendant's residence in the community

1) The mere fact that defendant is not a resident of the charging county, is homeless, or lacks a home address cannot, by itself, justify more restrictive conditions of release, such as secured bond.

k. Defendant's record of convictions

l. Defendant's history of flight to avoid prosecution

m. Defendant's history of failures to appear (FTA) at court proceedings.

1) Note: For prior failures to appear in the same case for which conditions are being determined, see **Special Scenarios Affecting the Conditions of Release** below.

n. Any other evidence deemed relevant to the issue of pretrial release.

8. **Financial Resources/Ability to Pay as a Factor in Determining Type of Release.**

a. **Individualized Consideration Is Required.** When a defendant is eligible for release pursuant to G.S. 15A-533 and related statutes, the circumstances of each individual case will govern the decision of a judicial official in determining both the type of release to be imposed under G.S. 15A-534(a) and the amount of any monetary bond in the event an unsecured or secured bond is imposed. A rigid bail schedule is incompatible with such an individualized decision. Decisions about pretrial release therefore should consider all of the relevant statutory factors, including the defendant's ability to pay, as detailed below.

b. A defendant's inability to post a secured bond does not prohibit the imposition of a secured bond as a matter of law, but because the imposition of an unaffordable bond results in a *de facto* detention order, the following is required:

1) A judicial official shall not impose a total secured bond amount above what the defendant can afford, absent a finding based on clear and convincing evidence that no less restrictive alternative can sufficiently prevent the defendant's failure to appear, injury to any person, or interference with the criminal proceeding, documented by written findings, as provided in Part IV.B.6, above.

2) Exception: In cases involving a non-resident of North Carolina charged only with an infraction(s) but for whom conditions of release are being imposed, ability to pay is determinative. See **Special Scenarios Affecting the Conditions of Release**, below.

c. **Guidelines for Monetary Bonds.**

1) In imposing a monetary bond as a condition of release, whether secured or unsecured, a judicial official should abide by the guidelines set out in Appendix B to this Policy.

2) **Written Findings.** If the judicial official imposes a monetary bond in excess of the maximum as recommended in the relevant table, the reason(s) for doing so must be documented in the release order or other document incorporated explicitly by reference in the release order.

d. **Evidence of Defendant's Financial Resources.**

1) The court shall consider the defendant's social and economic circumstances when setting conditions of release. Prior to setting or modifying a condition of release that includes secured or unsecured monetary bail, the court shall conduct an inquiry into the defendant's ability to pay the full amount of the monetary bail. The purpose of the inquiry shall be to determine the amount of money the defendant can pay at the time of the proceeding. Such inquiry shall allow the prosecutor, defense counsel, and the defendant the opportunity to provide the court with information pertinent to the defendant's ability to pay monetary bail, as appropriate to the context of the setting at which conditions of release are being determined. This information may be provided by proffer and may include statements by the defendant's relatives or other persons who are present at the hearing and have information about the defendant's ability to pay monetary bail. All information shall be admissible if it is relevant and reliable, regardless of whether it would be admissible under the rules of evidence applicable at criminal trials. If the court finds that there is insufficient reliable evidence to make any determination of the defendant's ability to pay, the court shall so state in any written findings made in imposing the conditions of release.

2) Any person who meets any of the following criteria shall be presumed unable to afford any amount of secured bond, unless rebutted by other competent evidence of ability to pay:
   a) Is eligible for appointment of counsel;
   b) Is, or within the past six months has been, homeless;
   c) Has income at or below 200% of the federal poverty guidelines (see table in Appendix B);
   d) Is a full-time student;
   e) Has been incarcerated pursuant to an active sentence within the past 6 months,
   f) Is residing in a mental health or other treatment program, or has resided in such a program in the past 6 months;
   g) Is or has dependents who are eligible to receive food stamps, Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship.

3) A person shall be presumed to be unable to pay any secured bond amount that exceeds 2% of that person's monthly income.

4) Affidavits of Indigency. When evaluating a defendant's ability to pay, the judicial official may elect to have the defendant complete and be sworn or affirmed to an Affidavit of Indigency, form AOC-CR-226, as evidence of the defendant's resources.

   a) When requesting an affidavit of indigency, the judicial official should explain that the purpose of the requested financial information is to determine the defendant's resources for the purposes of setting conditions of release and possibly evaluating the defendant's qualification for appointed counsel, if requested.

   b) If the defendant also is requesting appointed counsel, the affidavit is required. Rule 1.4, *Rules for the Continued Delivery of Services in Non-Capital Criminal and Non-Criminal Cases at the Trial Level* (Amended May 29, 2015), North Carolina Indigent Defense Services, at http://www.ncids.org/Rules%20&%20Procedures/IDS%20Rules/IDS%20Rules%20Part%201.pdf.

   c) If the defendant is <u>not</u> requesting appointed counsel, the judicial official should mark the affidavit as "submitted for bail decision, only."

   d) A judicial official shall <u>not</u> consider information provided on the affidavit as evidence to support probable cause to charge a substantive offense, *e.g.*, defendant's age or date of birth to establish an age differential with an alleged victim. *State v. Diaz*, ___ N.C. ___, 831 S.E.2d 532 (2019).

## C. Additional Conditions of Release

1. **DNA and fingerprints.** G.S. 15A-534(a). When setting conditions of release for a defendant required to provide fingerprints or a DNA sample as provided in G.S. 15A-534(a), the judicial official shall enter an order to that effect using the pre-printed options for fingerprints and DNA on the release order, form AOC-CR-200.

2. **Travel, conduct, association, and place of abode.** The judicial official may impose additional conditions on the defendant's travel (or lack thereof), conduct, associations (including with victims or other persons affected by the offense), and residence as appropriate.

3. **Additional Conditions in Specific Cases:**

   a. **Domestic Violence.** G.S. 15A-534.1.

      1) In addition to the limitations on setting conditions in the first 48 hours discussed above in Part III.C. of this Policy, when setting conditions of release for an offense subject to G.S. 15A-534.1, the judicial official may impose the additional conditions set out in G.S. 15A-534.1(b)(2).

      2) Judicial officials should use form AOC-CR-630 to impose those conditions and incorporate the form by reference on the release order.

b. **Impaired Driving.** G.S. 15A-534.2. When imposing initial conditions of release for a defendant charged with an offense involving impaired driving, G.S. 20-4.01(24a), the judicial official shall determine whether it is necessary to impose, in *addition* to the conditions of release, a temporary hold for a defendant too impaired to be released safely, as provided in G.S. 15A-534.2 and Part III.C.2. of this Policy.

c. **Communicable Disease Testing**. G.S. 15A-534.3.

   1) When the judicial official conducting an initial appearance finds probable cause to believe that any individual had a non-sexual exposure to the defendant in a manner that poses a <u>significant</u> risk of transmission of the HIV/AIDS virus or Hepatitis B, the judicial official <u>shall</u> order the defendant detained for a reasonable period of time, not to exceed 24 hours, for investigation and potential testing by public health officials.

   2) G.S. 15A-534.3 does <u>not</u> allow a delay in setting conditions of release. The judicial official shall set conditions as appropriate, but in addition, impose the temporary detention for testing on form AOC-CR-270, incorporated by reference on the release order.

   3) As soon as the defendant has been detained, the judicial official or custodial official should contact the local public health department to notify them of the potential need for testing. Contact information for local public health departments is at http://www.ncalhd.org/directors/

d. **Child Victims - Sex Offenses and Crimes of Violence**. G.S. 15A-534.4.

   1) In all cases in which a defendant is charged with an offense listed in G.S. 15A-534.4(a) against a minor victim, the official <u>shall</u> impose additional conditions of release set out in that subsection, in addition to any regular conditions of release imposed in the release order.

   2) **Written findings.** The judicial official has discretion to waive some of the additional conditions listed in that statute upon written findings that it is not in the best interest of the alleged victim to impose them.

   3) Form AOC-CR-631 shall be used to impose the additional conditions and to record the findings necessary to waiver, when appropriate, and shall be incorporated by reference in the release order.

e. **Threats of Mass Violence (Educational/Religious Property)**. G.S. 15A-534.7.

   1) In addition to the limitations on setting conditions in the first 48 hours discussed above in Part III.C. of this Policy, a judicial official imposing conditions of release for a charge of communicating a threat of mass violence on educational property, G.S. 14-277.6, or communicating a threat of mass violence at a place of religious worship, G.S. 14-277.7, may impose additional conditions of release set out in G.S. 15A-534.7(a)(2).

   2) Form AOC-CR-660 shall be used to impose the additional conditions and shall be incorporated by reference in the on the release order.

4. **Alcohol Abstinence with Continuous Alcohol Monitoring (CAM).** G.S. 15A-534(a).

    a. G.S. 15A-534(a) authorizes a judicial official to impose as an additional condition of release in any case that the defendant abstain from the use of alcohol, as monitored by a continuous alcohol monitoring system. Further, G.S. 15A-534.1 authorizes the same condition specifically in domestic violence cases governed by that statute.

    b. When imposing abstinence as monitored by CAM, a judicial official should impose the condition on form AOC-CR-242 (for most cases) or on form AOC-CR-630 (for domestic violence cases). When using either form to impose abstinence and CAM as a condition of release, the additional form should be incorporated by reference on the release order.

**D. Special Scenarios Affecting the Conditions of Release**

1. **Offense committed while on pretrial release.** G.S. 15A-534(d3).

    a. When a judicial official determines conditions for a defendant charged with an offense while on pretrial release for a prior offense, the official <u>may</u> (but is not required to) impose a secured bond in double the amount of any monetary bond for the previous offense, and if no prior monetary bond, a secured bond of at least $1,000.

    b. While G.S. 15A-534(d3) is discretionary, judicial officials shall not impose bonds pursuant to that subsection if doing so would result in an unjust or absurd bond. For example, if a defendant is on pretrial release for burglary with a $20,000 bond and is arrested for the new offense of misdemeanor littering, applying G.S. 15A-534(d3) would result in a $40,000 secured bond for littering, which is facially absurd and unjust for the offense of littering.

    c. If a new arrest or charge is for an offense alleged to have been committed <u>before</u> the offense for which the defendant is already on pretrial release, the judicial official setting conditions of release shall not apply the standard of G.S. 15A-534(d3).

2. **Warrantless arrest for violation of conditions of release.** G.S. 15A-401(b)(2)f.

    a. A law enforcement officer may arrest a defendant without a warrant for violation of currently-effective conditions of release. G.S. 15A-401(b)(2)f.

    b. When presented with a defendant at initial appearance following such an arrest, the judicial official shall conduct an initial determination of whether there is probable cause to believe that a valid condition of release was violated.

        1) If the judicial official finds no such probable cause, the official shall order the defendant released to continue pretrial release under the conditions imposed in the still-effective release order.

        2) If the judicial official finds such probable cause, the official shall determine the defendant's eligibility for and conditions of release as with any other

initial appearance and as provided in this Policy and enter a new release order containing those conditions.

3) The official should repeat any executory conditions, like restrictions on the defendant's travel, conduct, or associations, that should remain in effect. The new release order shall be deemed to supersede the previous release order, so any conditions that should remain in effect must be repeated in the new order.

c. When setting new conditions of release after a warrantless arrest for violation of prior conditions of release, the judicial official at initial appearance should not issue new criminal process to ratify the arrest (like a magistrate's order), unless the violative conduct also constituted an independent, substantive criminal offense.

1) "Violation of court order" is not a substantive crime recognized in the General Statutes.

2) If the judicial official elects to pursue contempt for violation of the prior release order, the official shall issue a show cause order on form AOC-CR-219 (allegation III on the version Rev. 11/18), alleging indirect criminal contempt as a new CR case, and set a court date for the plenary hearing for indirect contempt before the court.

3. **Surrenders by Surety**. G.S. 15A-540.

a. Judicial officials may not accept surrenders directly. Surrender is only to the sheriff. G.S. 15A-540. Any surety offering a defendant to a judicial official for surrender shall be directed to the Sheriff. Judicial officials shall not advise the sheriff about the validity or legitimacy of a potential surrender.

b. Pre-breach surrenders (*i.e.*, no FTA). G.S. 15A-540(a).

1) When a surety surrenders a defendant pre-breach under G.S. 15A-540(a), if the Sheriff or other custodian presents the surrendered defendant to a judicial official for initial appearance, the official should not enter a new release or commitment order. Notify the custodian that the existing release order that was in effect when the surety obtained defendant's release still governs.

2) The judicial official may not modify the conditions of release in the prior, controlling release order unless:

a) it is the same official's own order; and

b) the defendant has not yet had an appearance before a senior court of the trial division since the entry of that order. G.S. 15A-534(e).

c. Post-breach surrenders (after FTA). G.S. 15A-540(b).

1) When a surety surrenders a defendant post-breach, after a failure to appear in the underlying case, and the Sheriff or other custodian presents the surrendered defendant for an initial appearance before a judicial official, the official shall determine whether or not an order for arrest (OFA) issued for that FTA is unserved. If so, the official shall direct the custodial officer to serve the OFA. Upon service, the official shall conduct an initial appearance

as normal and determine defendant's eligibility for and conditions of release as otherwise provided in this Policy and the relevant statutes.

2) If an OFA remains unserved but cannot be obtained for service, the judicial official shall conduct the initial appearance based on the completed surrender and determine defendant's eligibility for and conditions of release as otherwise provided in this Policy and the relevant statutes. Upon entry of a new release order, the judicial official shall immediately order the recall of the OFA pursuant to G.S. 15A-301(g)(2)d., because the basis for the issue of the OFA (returning the defendant to custody) has been satisfied by the surrender.

3) If the OFA already has been served and new conditions of release imposed prior to a post-breach surrender, and the surrender occurs while defendant still in custody:

   a) A judicial official shall <u>not</u> enter an additional commitment order based on the surrender.

   b) The custodian should be advised that the defendant's commitment is governed by the conditions of release entered at the initial appearance conducted after service of the OFA.

   c) The judicial official should document on original of the surrender receipt, AOC-CR-214, that (i) no additional conditions of release were imposed and (ii) the date and entering official of the release order currently governing defendant's release.

4. **Placement on Probation for Deferred Prosecution or Conditional Discharge**. G.S. 15A-534(h)(5).

   a. A court's order placing a defendant on probation pursuant to a deferred prosecution, G.S. 15A-1341, or a conditional discharge, *e.g.*, G.S. 15A-1341(a4) or G.S. 90-96, terminates the obligation of any bond previously posted for the defendant's release, whether secured or unsecured. G.S. 15A-534(h)(5).

   b. Upon entry of an order placing the defendant on probation for a deferred prosecution or conditional discharge, the court shall enter a new release order specifying the conditions of release governing any required appearances during the deferral probation. The court shall not impose a secured bond during the deferral probation, unless overwhelming evidence of the factors set out in G.S. 15A-534(c) supports a finding that the defendant is unlikely to appear before the court as required during the deferral, is likely to cause injury to persons, or is likely to interfere with the criminal proceeding (destruction of evidence, subornation of perjury, or intimidation of witnesses), and the court otherwise follows the procedural and substantive requirements for the setting of a secured bond, as set out in Part IV.B.

5. **ICE Detainers**.

   a. Detainer requests from U.S. Immigrations and Customs Enforcement (ICE) are not a basis for delaying the initial appearance or denying release entirely.

b. A judicial official aware of an ICE detainer for a defendant shall determine conditions of release as normal.

c. The official may note the existence of the ICE detainer on the release order but shall <u>not</u> impose a condition that the defendant be held subject to the detainer, *e.g.*, a directive that the custodian "hold for ICE" shall not be imposed.

6. **Habitual Felon Indictments**

a. For a defendant indicted as an habitual felon, the charge level of the offense, for purposes of applying the **Guidelines for Monetary Bonds** in Appendix B, is the "habitualized" charge level of the underlying felony charge.

b. A secured bond shall not be set or recommended in an order for arrest issued upon return of an indictment alleging only habitual felon status. A secured bond only may be set on the "habitualized" underlying offense. When an indictment is returned solely for habitual felon status, the State shall arrange for the bond to be modified in the underlying, principal felony upon which the habitual felon status is based.

c. In the event an order for arrest is issued in a file number for which the sole count is an allegation of habitual felon status, a judicial official conducting an initial appearance upon service of that order for arrest shall impose only a written promise to appear as the sole condition of release.

7. **Certain Infractions - Out-of-State Defendants**. G.S. 15A-1113.

a. North Carolina residents. A North Carolina resident charged only with an infraction(s) may not be committed to custody with conditions of release. G.S. 15A-1113(c)(2).

b. Residents of Drivers License Compact States.

1) If a non-resident of North Carolina who is licensed to drive by a state that subscribes to the interstate violator compact, G.S. 20, Article 1B, is taken into custody and charged only with a motor vehicle infraction(s), the judicial official shall enter a commitment order that imposes a Written Promise. No other type of release may be imposed.

2) As of October 2018, the only states that were <u>not</u> members of the compact (and therefore for whom a condition of release other than a written promise could be imposed) were: Alaska, California, Michigan, Montana, Oregon, and Wisconsin. *Compact Member States and Joinder Dates* (Oct. 2018), https://www.aamva.org/uploadedFiles/MainSite/Content/DriverLicensingIden tification/DL_ID_Compacts/Compact%20Member%20Joinder%20Dates.pdf

3) If consideration of the other factors for pretrial release under G.S. 15A-534(c) and Part IV.B. of this Policy leads to the conclusion that a secured bond otherwise would be appropriate for a resident of a non-compact state listed above, the defendant's ability to pay is controlling: if the defendant cannot afford the bond amount imposed as a secured bond, the official instead shall impose an unsecured bond in that amount. G.S. 15A-1113(c).

    c.  Wildlife Infractions by Non-Residents.

        1)  A resident of a member state of the Interstate Wildlife Violator Compact taken into custody and charged only with a North Carolina wildlife infraction(s) may not be required to post a secured bond, if the defendant provides adequate proof of his identity. G.S. 113-300.6, Article III.

        2)  A list of current member states may be located on the website of the North Carolina Wildlife Resources Commission (WRC), https://www.ncwildlife.org/IWVC. As of September 2017, according to the WRC, the only non-member states were Hawaii, Massachusetts, and New Jersey.

## V. Release after conviction in Superior Court.

A. Entry of final judgment in Superior Court terminates any prior bond posted to secure the defendant's release. G.S. 15A-534(h). Entry of judgment occurs when sentence is pronounced. G.S. 15A-101(4a). Therefore once sentence is pronounced, the obligation of all obligors on any bond securing the defendant's appearance until that point terminates.

B. Release of a defendant pending appeal who otherwise would be confined (*i.e.*, for an active sentence) is within the discretion of the superior court judge and shall be determined in accord with G.S. 15A-536.

C. When imposing conditions of release after conviction in superior court, the court shall enter a <u>new</u> commitment order with conditions of release, AOC-CR-200, rather than modifying a pretrial release order.

D. Conditions of release shall be determined as otherwise provided in this Policy, giving consideration to the same factors as for pretrial release in G.S. 15A-534 and other statutes applicable to the defendant's case.

E. Any bond posted to satisfy a monetary condition of post-conviction release imposed by the court shall be entered on form AOC-CR-238, not on form AOC-CR-201.

# Appendix A: Determining Conditions of Pretrial Release

This chart summarizes the process set out in Part IV of this Policy for determining the appropriate type of pretrial release to impose, when a defendant is eligible to have conditions of release set. This chart implements the directive in G.S. 15A-534(b) that a secured bond should be imposed only when a less-restrictive form of release will not assure the defendant's presence for trial, avoid injury to any person, or avoid interference with the criminal proceeding. For scenarios that require denial of conditions of release or delay in their determination, see Part III of this Policy.



**START**

**Secured Bond-Required Cases**
Is any of the following true?
- Charge is a fugitive process. *Part III.B.*
- Defendant charged with felony while on probation, found danger to public. *Part III.C.*
- Defendant refuses to identify self. *Part III.C.*
- Prior order of another judicial official in case orders imposition of a secured bond now.

No

Are all charges Class 1, 2, or 3 misdemeanors (and infractions)?

Yes

Does an exception in Part IV.B.**3** apply?

Yes

**G.S. 15A-534(c) Factors**
Is one or more of the following true?
**Defendant History**
- Has insufficient ties to the community.[1]
- Has history of flight to avoid prosecution.
- Has recent history of failure to appear.
- Has a prior conviction record.

**Present Charge(s)**[2]
- Multiple charges of similar nature showing a pattern of conduct.
- Committed while on pretrial release for similar or related offense or on supervised probation for any offense.
- The elements of the offense charged include (i) the breaking or entering of a structure, (ii) assault on or injury to a person, or (iii) the use or possession of a firearm or deadly weapon; or (b) the charge triggers the application of G.S. 15A-534.1.
- Charge(s) requires registration as sex offender upon conviction or is a charge of failure to register as a sex offender.
- Charge(s) is drug trafficking or involves sale or distribution of drugs, or conspiracy to commit trafficking or sale/distribution.

**Other** nature or circumstances of offense(s) charged or evidence of defendant's character or mental condition presents likelihood of failure to appear, injury to person(s), or interference with the criminal proceeding.

Yes

**G.S. 15A-534(b) Risks**
Do factors found in the previous step indicate that a less-restrictive type of release than a secured bond:[3]
- will not reasonably assure the appearance of the defendant as required;
- will pose a danger of injury to any person; or
- is likely to result in destruction of evidence, subornation of perjury, or intimidation of potential witnesses?

Yes →

No →

**Do not impose a secured bond.**
- Impose a Written Promise, Custody Release, or Unsecured Bond.
- If imposing an unsecured bond, determine amount according to defendant's ability to pay per Part IV and Appendix B.
- Impose additional conditions on travel, association, conduct, or abode, if needed.

**A secured bond may be appropriate.**
- Complete Appendix C.
- If defendant can afford the secured bond or a detention order is warranted, then proceed with the secured bond and impose additional conditions on travel, association, conduct, or abode, if needed.
- Otherwise, do not enter Appendix C as actual findings and do not file with the clerk; impose conditions of release other than a secured bond as provided in box above.

**NOTES**
[1] Take into account defendant's family ties, length of residence in the community, employment status and history, and whether the defendant attends school in the community. The mere fact that defendant is not a resident of the charging county, is homeless, or lacks a home address does not, by itself, warrant making this finding.

[2] G.S. 15A-534(c) requires consideration of the "weight of the evidence against the defendant," so the extent and strength of the State's evidence should be considered when deciding whether the factors related to the offense(s) charged apply.

[3] No single factor under G.S. 15A-534(c) in the previous step is necessarily determinative of any of the risks set out in G.S. 15A-534(b) that may support imposition of a secured bond. The number and weight of the factor(s) found should be considered in that decision.

# Appendix B - Guidelines for Monetary Bonds

When a monetary bond is imposed as the type of release, whether secured or unsecured, the tables below set out the ranges of dollar amounts that should be considered for a listed offense. The guidelines of this appendix apply <u>only</u> when a judicial official determines, pursuant to a controlling statute or the process in Part IV of this Policy, that a monetary bond is appropriate; it should not be construed as guidance that monetary bonds should be imposed in all cases. The amounts listed below are <u>not</u> amounts to be imposed by default for the offense classes listed. The actual amount imposed must be determined in light of the number and weight of the factors in Part IV of this Policy that merited the imposition of a monetary bond, including, but not limited to, the defendant's financial resources and ability to pay. If a secured bond is set in an amount that the defendant cannot afford, it operates as a *de facto* detention order, and must be accompanied with the constitutionally-required written findings set out in Part IV.B.6.b. Individual monetary bonds may exceed the maximum amounts listed in the ranges below in exceptional circumstances, but the imposing official shall make **written findings** of the basis for doing so.

**Felonies (other than drug trafficking)**

| Offense Class | Secured or Unsecured Bond Amount Range |
|---|---|
| A | WP - Judge's Discretion |
| B1 | WP - $250,000 |
| B2 | WP - $200,000 |
| C | WP - $100,000 |
| D | WP - $75,000 |
| E | WP - $50,000 |
| F | WP - $30,000 |
| G | WP - $30,000 |
| H | WP - $20,000 |
| I | WP - $10,000 |

**Misdemeanors\***

| Offense Class | Secured or Unsecured Bond Amount Range |
|---|---|
| A1 | WP - $3,000 |
| 1 | WP - $1,500 |
| 2 | WP - $1,000 |
| 3 | WP - $500 |
| DWI (non-felony) | WP - $2,500 |

**Federal Poverty Guidelines (2020)**

If the monetary condition of release imposed is a secured bond, the judicial official must make written findings of the reasons for doing so and the defendant's ability to satisfy that bond. *See* Part IV.B. of this Policy. If the defendant's income is below the threshold shown in the table below, the defendant is deemed presumptively unable to satisfy a secured bond of any amount, unless rebutted by evidence of liquid assets, equity in real property, or defendant's unsolicited representations. *See* Written Findings Form (Appendix C), No. 3; Part IV.B.8.

| Family Size | Annual/Monthly Income |
|---|---|
| 1 | $25,520 / $2,127 |
| 2 | $34,480 / $2,873 |
| 3 | $43,440 / $3,620 |
| 4 | $52,400 / $4,367 |
| 5 | $61,360 / $5,113 |
| For family size greater than 5, add $8,960 annual/$747 monthly for each additional person. ||
| Income amounts listed are 200% of the current federal poverty guidelines (2020). https://aspe.hhs.gov/2020-poverty-guidelines ||

**\*Misdemeanor Class 1, 2, 3**

For defendants whose highest charged offense(s) is a Class 1, 2 or 3 Misdemeanor, the judicial official shall impose a written promise, custody release, or unsecured bond. *See* Part IV.B.3. The judicial official may impose a secured bond only upon a finding of one of the circumstances laid out in Part IV.B.3.

**Fugitive Cases**

For defendants arrested on fugitive warrants or fugitive magistrate orders, if the charge is <u>not</u> punishable by death or life in prison in the demanding state, set a secured bond in the amount for the closest analogous offense in North Carolina and taking into account the defendant's ability to pay. If there is no analogous N.C. offense, set bond commensurate with Class I for felonies and Class 3 for misdemeanors. For charges punishable by death or life in prison, or upon service of a Governor's warrant, order defendant confined without conditions of release. *See also* Part III of this Policy.

**Probation Violations**

Any monetary condition of release imposed for a probation violation shall be based on the lead offense of conviction on the judgment in which probation was imposed. When determining conditions of release, the judicial official shall consider whether the violations alleged include absconding or commission of a new criminal offense, which may be deemed an exceptional circumstance for the purposes of determining the amount to impose.

**Drug Trafficking**

When a monetary condition of release is imposed for a trafficking offense, the maximum bond amount for a trafficking offense shall be double the maximum bond amount for the equivalent Structured Sentencing felony offense in the table at the left.

**Presumptive Indigency/Inability to Pay.** (Part IV.B.8.d.2).

Any person who meets any of the following criteria shall be presumed unable to afford any amount of secured bond, unless rebutted by evidence of ability to pay, as laid out in number 3(b) of the Written Findings Form, Appendix C.

- Is eligible for appointment of counsel;
- Is, or within the past 6 months has been, homeless;
- Has income at or below 200% of the federal poverty guidelines (in the table to the left);
- Is a full-time student;
- Has been incarcerated pursuant to an active sentence within the past 6 months;
- Is residing in a mental health or other treatment program, or has resided in such a program in the past 6 months; or
- Is or has dependents eligible to receive SNAP benefits (food stamps), Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship.

# Appendix C - Template Form for Written Findings for Secured Bonds

| STATE OF NORTH CAROLINA<br>ALAMANCE COUNTY | File No. (list only lead file number on associated AOC-CR-200) |
|---|---|
| | IN THE GENERAL COURT OF JUSTICE<br>☐ DISTRICT ☐ SUPERIOR COURT DIVISION |
| **STATE VERSUS**<br>*Name of Defendant* | **WRITTEN FINDINGS<br>FOR SECURED BOND**<br>Pretrial Release and Bond Policy for District 15A |

**NOTE:** *Do not impose conditions of release on this form. Use form AOC-CR-200 and related forms to impose conditions of release. Use this form only to record the court's findings supporting imposition of a secured bond and the defendant's ability to satisfy that condition. Do not use this form when imposing a written promise, custody release, or unsecured bond. Incorporate this form by reference on the related AOC-CR-200 as "SECR bond written findings."*

## FINDINGS

The undersigned judicial official finds for the reasons stated below that it is appropriate to impose a secured bond for the defendant's release in the above-captioned case and related cases, as imposed on the attached form AOC-CR-200.

☐ 1. **Secured Bond Mandatory.** A secured bond is required, because:
- ☐ a. the case is a fugitive proceeding under Chapter 15A, Article 37. G.S. 15A-736.
- ☐ b. a secured bond is required by G.S. 15A-534(d1) pursuant to recommendation in an order for arrest or prior conditions imposed in this case(s).
- ☐ c. defendant is charged with a felony while on probation, and the court further finds that defendant presents a danger to the public. G.S. 15A-534(d2).
- ☐ d. the order listed below and entered previously in this proceeding directed the imposition of a secured bond:

| Date of Order | Name of Entering Official | Title of Entering Official | Title/Description of Order |
|---|---|---|---|
| | | | |

- ☐ e. Other: _____ .

**NOTE:** *If No. 1 is found, no findings are required in No. 2. Proceed to No. 3.*

☐ 2. **Secured Bond Imposed Pursuant to G.S. 15A-534(b).** A secured bond is necessary, pursuant to the undersigned official's determination that a written promise to appear, custody release, or unsecured bond: *(check all that apply)*
- ☐ a. will not reasonably assure the appearance of the defendant as required;
- ☐ b. will pose a danger of injury to any person; and/or
- ☐ c. is likely to result in destruction of evidence, subornation of perjury, or intimidation of potential witnesses.

Facts supporting, by clear and convincing evidence, that determination include: (**NOTE:** *Give brief statements of fact supporting the court's conclusions. Extensive findings are not required but should be sufficiently clear to evaluate in relation to the three risks listed above.*)



3. The undersigned further finds, based on all relevant and reliable evidence available concerning defendant's financial resources, that:

**NOTE:** *Check only one. See Part IV.B.8 of the Pretrial Release and Bond Policy for District 15A for guidance when determining defendant's financial status.*

- ☐ a. the defendant is presumptively indigent for one or more of the reasons listed on Side Two and therefore unable to satisfy any secured bond.
- ☐ b. the defendant *(check only one)* ☐ is not presumptively indigent for any of the reasons listed on Side Two, and has income or assets as follows: or ☐ is presumptively indigent, but that presumption is rebutted by evidence of defendant's income or assets, as follows: *(Check all that apply.)*
  - ☐ 1) Defendant's monthly income, which is greater than 200% of the poverty level, is $ _____ . Defendant is presumed able to pay a total secured bond in the amount of 2 percent of that monthly income, which is: *(monthly income) x (0.02)* = $ _____ .
  - ☐ 2) Defendant has liquid assets of at least $3,000, in the amount of $ _____ . Defendant is able to pay a total secured bond of $ _____ without unreasonable impairment of the defendant's ability to satisfy his/her other financial obligations.
  - ☐ 3) Defendant has ownership of real property with available equity in the amount of (A) $ _____ , of which defendant's ownership share is (B) _____%, for a value of (C) $ _____ (A*B). Eighty percent (80%) of defendant's share $ _____ (C* 0.80), is deemed available for the purpose of securing bond.
  - ☐ 4) Defendant has represented to a district or superior court judge that the defendant is able to satisfy a secured bond in the amount of $ _____ without unreasonable impairment of his/her ability to satisfy his/her other financial obligations. (**NOTE:** *Select this box only if the defendant makes an unsolicited offer to pay a certain amount.*)
- ☐ c. there is no available evidence of the defendant's financial resources from which the court can determine the defendant's ability to satisfy a secured bond in any amount. (**NOTE:** *Proceed to No. 4.b.*)

Alamance County Form No. ALA-CR-250, Pretrial Release and Bond Policy for District 15A, NEW July 1, 2020

*Following the ability to pay assessment in No. 3, determine the secured bond amount based on the number and weight of the factors in Part IV of this Policy that merited the imposition of a monetary bond as provided in Appendix B. Document the secured bond amount on the AOC-CR-200 form only if one of the options under No. 4 apply. If neither apply, do not enter the findings on this form and do not file the form with the clerk. Instead, impose conditions of release other than a secured bond.*

4. After comparing the defendant's ability to pay in No. 3 to the secure bond amount, the undersigned finds that: *(check one)*

☐ a. the defendant is able to satisfy the secured bond imposed.

☐ b. the defendant is unable to, or the court is unable to determine that the defendant is able to, satisfy the bond imposed, but a secured bond in that amount is nonetheless necessary, because *(check one)* ☐ it is mandated statutorily. ☐ the undersigned finds by clear and convincing evidence the following facts that no other condition or combination of conditions of release will satisfy compelling State interest(s) of the defendant's appearance, preventing injury to persons, or preventing destruction of evidence, subornation of perjury, or intimidation of potential witnesses: **(NOTE:** *Give brief statements of the facts supporting the court's conclusion.)*

| *Date* | *Name of Judicial Official* | | *Signature of Judicial Official* | | |
|--------|------------------------------|--|-----------------------------------|--|--|
| ☐ *Magistrate* | ☐ *District Court Judge* | ☐ *Superior Court Judge* | ☐ *Clerk of Superior Court* | ☐ *Deputy CSC* | ☐ *Assistant CSC* |

## PRESUMPTIVE INDIGENCY/ABILITY TO PAY

Any person who meets any of the following criteria shall be presumed unable to afford any amount of secured bond, unless rebutted by evidence of ability to pay, as laid out in number 3(b) on Side One of this form. **(NOTE:** *See Part IV.B.8.d.2 of the Pretrial Release and Bond Policy for District 15A.)*

- Is eligible for appointment of counsel;
- Is, or within the past 6 months has been, homeless;
- Has income at or below 200% of the federal poverty guidelines *(see table in Appendix B of the Pretrial Release and Bond Policy)*;
- Is a full-time student;
- Has been incarcerated pursuant to an active sentence within the past 6 months;
- Is residing in a mental health or other treatment program, or has resided in such a program in the past 6 months; or
- Is or has dependents eligible to receive SNAP benefits (food stamps), Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance program based on financial hardship.

Alamance County Form No. ALA-CR-250, Pretrial Release and Bond Policy for District 15A, Side Two, NEW July 1, 2020