**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Dion Horton, et al. | : | |
| | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 22-cv-1391 |
| v. | : | |
| | : | |
| Hon. Bruce Beemer, et al. | : | |
| | : | |
| *Defendants* | : | |

**Defendants the Honorable Bruce Beemer, Administrative Judge, Alan Pelton, Director of Adult Probation and Parole, the Honorable Kelly Bigley, Charlene Christmas (in their official capacity only), Robert O'Brien (in their official capacity only), Stephen Esswein (in their official capacity only), and Renawn Harris (in their official capacity only) Brief in Support of Renewed Motion for Reconsideration of the Court's April 14, 2023, Order**

## I.    Introduction

Defendants the Honorable Bruce Beemer, Administrative Judge, Alan Pelton, Director of Adult Probation and Parole, the Honorable Kelly Bigley, Charlene Christmas (in their official capacity only), Robert O'Brien (in their official capacity only), Stephen Esswein (in their official capacity only), and Renawn Harris (in their official capacity only) ("Judicial Defendants") move for reconsideration of the April 14, 2023, Order denying their Motion to Dismiss. (Doc. 104).

The relief Plaintiffs seek and the capacities in which Defendants are sued are pertinent to the Motion to Dismiss and this Reconsideration:

**Judge Beemer and Director Pelton**

- Sued in their official capacities only.

- For both declaratory relief and monetary relief.

1

**Judge Bigley**

- Sued in both individual and official capacities.

- For declaratory relief only.

**Hearing Officers**

- Sued in both individual and official capacities.

- For declaratory relief only. (Complaint ¶ 182.)

Pertinent to this Motion, Judicial Defendants raised Eleventh Amendment and judicial immunities in their Motion to Dismiss. The Court denied the Motion to Dismiss without prejudice, holding that the immunities would "only limited the scope of relief" and are better addressed at the preliminary injunction stage, summary judgment, or at trial. (Order of April 14, 2023, Doc. 104.)

## II.   Argument

To prevail on a motion for reconsideration a moving party must establish: 1) an intervening change in controlling law; 2) new evidence that was not available when the court issued its order; or 3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 667 (3d Cir. 1999). A motion for reconsideration is proper if it "addresses only factual and legal matters that the Court may have overlooked." *United States v. Fitzgerald*, 2021 WL 719660, at *2 (W.D. Pa. 2021). Here, reconsideration is warranted due to legal arguments and issues that the Court did not decide – including immunity defenses that must be decided at the "earliest possible stage."

### A. Immunity defenses should be ruled on at the earliest possible stage in litigation.

Judicial Defendants raised two absolute immunities in their Motion to Dismiss brief: Eleventh Amendment immunity and judicial immunity. (Doc. 65 at 11, 18.) The Eleventh Amendment immunity related to Plaintiffs' claim for monetary damages against Judge Rangos and Director Scherer, who are state officials, in their official capacity. The judicial immunity defense was for the claims against Judge Rangos, who is sued in her individual capacity only.

In denying the Motion to Dismiss, the Court held that the immunities "only limit the scope of relief." (Order of April 14, 2023, Doc. 104.) But the scope of relief is pertinent to how this case moves forward and Judicial Defendants' defenses. Whether Plaintiffs' monetary relief claim is still viable affects the extent of discovery – including the time and expense necessary for discovery on monetary damages – as well as the potential for early resolution of this case. A case where the issue is equitable relief about probation violation procedures is much different than that issue coupled with the potential for monetary damages for individuals in a putative class of thousands.

Judicial Defendants raised two absolute—not qualified—immunities in their Motion to Dismiss.[1] Under Supreme Court precedent, immunity questions should be resolved "at the earliest possible stage" of litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Thus, this Court should reconsider its decision to defer ruling on the

---

[1] Unlike qualified immunity, which may not be able to be assessed at the complaint stage, absolute immunities may be addressed when they are clear from the complaint, such as here where the claim for relief is barred by the immunities raised.

immunity defenses. The "fear of consequences" that absolute immunity is designed to alleviate is "not limited to liability for money damages" – it also includes "the general costs of subjecting officials to the risks of trial" and the "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)).

Thus, absolute immunities are immunity from suit. Not just liability. The Court should resolve these immunities at the "earliest possible stage" because judicial economy dictates expeditious resolution to avoid unnecessary expense and needless discovery costs upon government officials and entities. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Mitchell*, 472 U.S. at 526 (the "entitlement is an immunity from suit rather than a mere defense to liability," and "it is effectively lost if a case is erroneously permitted to go to trial"); *see also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("one of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending an extended lawsuit").

Indeed, this is why immunity issues are appealable as collateral orders. *See HIRA Educ. Servs. N. Am. v. Augustine*, 991 F.3d 180, 187 (3d Cir. 2021). This immediate appealability underscores that immunity decisions should be made upfront – even if they do not discharge all claims against a defendant.

In the instant matter, the value of these straight-forward and meritorious threshold immunity defenses is lost if this case is allowed to proceed to discovery on

issues that immunity precludes. Deferring a decision on immunity questions "vitiates immunity" because government officials who are otherwise entitled to immunity are subject to "the burdens of such pretrial matters as discovery." *Id.* at 188.

As set forth in Judicial Defendants' Motion to Dismiss briefing, Eleventh Amendment immunity bars all non-prospective claims – including monetary damages – against state officials sued in their official capacities.[2] The first reason that this immunity must be addressed now is because Plaintiffs bring monetary claims against Judge Beemer and Director Pelton in their official capacities. (Complaint ¶ 182, Doc. 1.) Notwithstanding binding case law that such damages are not available here, the parties will have to engage in additional discovery pertaining to monetary claims – and address them at trial, if necessary – that otherwise would not be required.[3]

In other words, imposing unnecessary expense and needless discovery costs upon government officials and entities for relief that as a matter of binding law cannot be obtained. This levies a financial burden on the Unified Judicial System of

---

[2] (Doc. 65 at 11-12; Doc. 75 at 2-3). *See Gerholt v. Wetzel*, 858 F. App'x 32, 33 (3d Cir. 2021) ( holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment); *A.W. v. Jersey City Pub. Sch.*, 341 F.3d 234, 238 (3d Cir. 2003) (holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment).

[3] For example, Defendants would have to conduct discovery (including depositions) about damages for every Plaintiff – including those in the proposed class. This imposes an immense financial and resource drain on Defendants.

Pennsylvania and requires its officials to expend time on issues that immunity precludes.

This Court's conclusion that the immunity issues did not need to be decided now because they do not apply to all claims against Defendants is counter to immunity's purpose, which is to resolve issues to avoid unnecessary expense and needless discovery costs upon government officials and entities. Here, the immunity defenses winnow the issues for discovery and trial and the nature of claims against Defendants by eliminating the monetary relief claims from the case. Thus, ruling on these immunities – even if they do not dismiss all claims – is vital: waiting until after Defendants conduct discovery to hold that they are immune to some or all claims is too late.

Second, the *Ex Parte Young* exception to Eleventh Amendment immunity, which allows prospective relief against a state official in their official capacity, cannot be used to seek declaratory relief against a state official in their individual capacity, as Judicial Defendants argued in their briefing. (Doc. 65 at 12-13.)[4]Hence, the individual capacity claims against Judges Bigley (and the Hearing Officers) are subject to immunity and should be ruled on at this stage. Deciding on this issue now

---

[4] *See Angle v. Smith*, 2022 WL 2392822, at *1 n.1 (W.D. Pa. 2022), *report and recommendation adopted*, 2022 WL 2392438 (W.D. Pa. 2022). This is especially so where the "individual capacity" claims sound as official capacity claims. *Doe v. College of New Jersey*, 2023 WL 2812362, at *4 (D.N.J. 2023); *Szerensci v. Shimshock*, 2021 WL 4480172, at *4-5 (W.D. Pa. 2021); *Moyer v. Aramark*, 2019 WL 1098951, at *5 (E.D. Pa. 2019)(*citing Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261, 270 (1997)).

is vital due to the difference between individual versus official capacity claims. In deferring the immunity question, these state officials are exposed to individual liability for performing their judicial functions.[5]

And while the individual capacity claims do not seek monetary damages, these Defendants are subject to the cloud of litigation and could potentially be liable in their individual capacities for attorney fees under Section 1983. What is more, even if Defendants left their positions, which Judge Bigley who is now in Orphans' Court, has, they are still defendants in this case, despite that the relief sought is future-looking and pertains only to their governmental positions.

For the same reasons, Judge Bigley's judicial immunity defenses should be decided at this stage. The claims against her arise solely from her sentencing orders and her judicial actions in supervising defendants on probation, which includes making judicial determinations regarding detainers, all of which are actions pursuant to her official duties. The Complaint is clear that Judge Bigley's actions in this case involve defendants that she "supervises," and Plaintiffs acknowledge that she was acting in her judicial capacity. (Doc. 67 at 20; Complaint ¶¶ 54, 84, 97, 98, 102.)

Furthermore, while both parties have expressed an openness in early resolution, there is no utility for Defendants to engage in such settlement discussion to the extent there is a substantive, and real, dispute regarding the availability of

---

[5] Indeed, Plaintiffs acknowledge that Judge Bigley was acting in her judicial capacity. (Doc. 67 at 20; Complaint ¶¶ 54, 84, 97, 98, 102.)

monetary damages. Thus, the Court's resolution of the immunity defenses raised in Defendants' Motion to Dismiss foster the parties to seek resolution of this matter.

In short, the Court's decision to not rule on the immunity defenses raised in the Motion to Dismiss must be reconsidered: it conflicts with immunity's purposes and the Supreme Court and Third Circuit's mandate that a court must decide immunity questions at the "earliest possible stage." Deferring this decision requires unnecessary discovery and expenses, increases the burdens of litigation that Defendants must face, makes early resolution a nullity, and exposes the Defendants sued in their individual capacities to the cloud of litigation – including individual liability.

## III.   Conclusion

A distinct adjudication of the scope of immunities, defenses, and availability of damages would provide the parties with an appropriate foundation upon which to consider pretrial resolution of this case, the scope of discovery, and interlocutory appellate remedies.

Simply put, discovery on whether *Gagnon*'s requirements are being met is one thing; discovery regarding monetary damages and the individual circumstances of each Plaintiffs' case is another. The scope of remaining discovery on matters that are untenable would include privileged communications, data, and publications, and privileged sources of evidence regarding Plaintiffs' underlying cases, their violations, pending charges, communications with defense counsel, and their alleged injuries.

Judicial Defendants respectfully request that this Honorable Court reconsider its decision denying their Motion to Dismiss the Complaint.

Respectfully submitted,

s/ *Jennifer Hope*
JENNIFER L. HOPE, ESQUIRE
Attorney I.D. PA 205999
NICOLE FEIGENBAUM, ESQUIRE
Attorney I.D. PA 319765
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486